PEOPLE v COCHRAN

Docket No. 87019. Submitted January 7, 1986, at Detroit. Decided
August 13, 1986.

Defendant, Shelton R. Cochran, was initially diverted from the
criminal justice system under the Youthful Trainee Act. He
subsequently pleaded guilty in Detroit Recorder's Court of
delivery of cocaine, possession with intent to deliver cocaine,
two counts of assault with intent to murder, and felony-firearm.
The court, Joseph A. Gillis, J., sentenced defendant to two
years imprisonment on the felony-firearm conviction, five to
twenty years imprisonment on the delivery conviction, and five
to fifteen years imprisonment on the other convictions. Defen-
dant appealed.

The Court of Appeals *held:*

1. Contrary to defendant's claim, diversion under the YTA is
not tantamount to probation. Therefore, defendant was not
entitled to a probation revocation hearing.

2. A sufficient factual basis was established at the plea
hearing to support defendant's convictions for assault with
intent to murder.

Affirmed.

1. CRIMINAL LAW — YOUTHFUL TRAINEE ACT — PROBATION.

Youthful-trainee status under the Youthful Trainee Act is not
the same as probation and may be terminated by a court
without a hearing at any time prior to the youth's final release
(MCL 762.11; MSA 28.853[11]).

2. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

A factual basis for a guilty plea is sufficient if an inculpatory
inference can be drawn from what the defendant has admitted,
even if the defendant has denied an element of the crime.

REFERENCES
Am Jur 2d, Criminal Law § 603.
Am Jur 2d, Homicide §§ 568-570.
What constitutes attempted murder. 54 ALR3d 612.
See also the annotations in the Index to Annotations under Juve-
nile Courts and Delinquent Children.

3. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO MURDER.

The elements of the crime of assault with intent to commit murder are (1) an assault, (2) with specific intent to murder, (3) which if successful would make the killing murder.

4. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO MURDER — SPECIFIC INTENT — MALICE.

Specific intent to kill is the only form of malice which supports a conviction of assault with intent to commit murder; intent to inflict great bodily harm or wanton and wilful disregard of the recklessness of one's conduct is insufficient to support a conviction for assault with intent to commit murder.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

PER CURIAM. Defendant pled guilty to delivery of cocaine, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a), possession with intent to deliver cocaine, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a), two counts of assault with intent to murder, MCL 750.83; MSA 28.278, and felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a term of five to twenty years on Count I, five to fifteen years on Counts II, III, and IV, and two years for the felony-firearm.

Defendant now claims that the trial court erred in taking defendant's plea without first charging him with violation of his probation and granting him a probation revocation hearing. Defendant was not under probation; he was diverted from the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

criminal justice system pursuant to the Youthful Trainee Act (YTA), MCL 762.11; MSA 28.853(11). MCL 762.12; MSA 28.853(12) provides as follows:

> The court of record, having jurisdiction over the criminal offense referred to in Section 1, *may at any time terminate its consideration of the youth as a youthful trainee or, once having assigned the youth to the status of a youthful trainee, may at its discretion revoke such status at any time prior to the youth's final release.* [Emphasis added.]

The YTA is not the same as probation. When youthful trainee status is terminated, the defendant is entitled to a trial. In this case the defendant pled guilty to those crimes that led to his being placed on youthful trainee status. There was no error.

Defendant also argues that no factual basis was established for conviction on the two counts of assault with intent to commit murder. After reviewing the record, we find that we disagree.

"A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by defendant . . . ." *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975). See also *People v Witt,* 140 Mich App 365; 364 NW2d 692 (1985). However, even if a defendant denies an element of a crime, the trial court may properly accept the plea if an inculpatory inference can be drawn from what the defendant says. *People v Bradford,* 144 Mich App 416; 375 NW2d 764 (1985).

Assault with intent to commit murder contains the following elements: (1) an assault, (2) with specific intent to murder, (3) which, if successful, would make the killing murder. *People v Branner,* 53 Mich App 541; 220 NW2d 183 (1974). Specific intent to kill is the only form of malice which supports the conviction of assault with intent to commit murder. *People v Gjidoda,* 140 Mich App 294; 364 NW2d 698 (1985). Intent to inflict great

bodily harm or wanton and wilful disregard of the recklessness of one's conduct is insufficient to support a conviction for assault with intent to commit murder. *People v Taylor,* 422 Mich 554; 375 NW2d 1 (1985).

The colloquy between the court and the defendant transpired as follows:

> *The Court:* Now the next one. Apparently you assaulted two police officers, Derrick Anderson and Lamar Nowell, with a gun. Will you tell the Court what happened involving those?
>
> *Defendant Cochran:* I had a gun in my pocket and when they jumped out of the truck, I didn't know who they was, and I ran from them and I shot. Shots were fired at me.
>
> *The Court:* Then what happened?
>
> *Defendant Cochran:* I just fled and I left the scene.
>
> *The Court:* Did you fire any shots?
>
> *Defendant Cochran:* Yes, sir,
>
> *The Court:* All right, you didn't know whether they were holdup men or other drug—
>
> *Defendant Cochran:* Yes, sir.
>
> *The Court:* And you fired shots in the direction of the two of them?
>
> *Defendant Cochran:* Right; up in the air.
>
> *The Court:* What?
>
> *Defendant Cochran:* I fired one shot in the air.
>
> *The Court:* Well, didn't you intend to kill them?
>
> *Defendant Cochran:* Yes, sir.
>
> *The Court:* All right, you had a handgun at the time you fired the shots?
>
> *Defendant Cochran:* Yes sir.

We believe the above established a factual basis for assault with intent to commit murder. Although the defendant stated that he fired "into the air" he affirmatively stated that he intended to kill. A fair reading of the plea-taking transcript does indeed establish the requisite intent.

Affirmed.