PEOPLE v BEARD

Docket No. 91954. Submitted November 3, 1987, at Detroit. Decided September 19, 1988. Leave to appeal applied for.

Andre D. Beard was convicted of ten counts of the common-law offense of being an accessory after the fact and one count of possession of a firearm during the commission of a felony following a bench trial in Detroit Recorder's Court, Michael F. Sapala, J., and was sentenced to prison terms of from three years, four months to five years on each of the accessory counts and two years on the felony-firearm count, to be served consecutively to the terms imposed for the accessory counts. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in denying defendant's motion for a directed verdict. The evidence was sufficient to defeat a motion for a directed verdict on the charged offenses of aiding and abetting an assault with the intent to murder.

2. The trial court did not err in finding defendant guilty of possessing a firearm during the commission of a felony.

3. Defendant's contention that possession of a firearm during a joint escape cannot provide the basis for his convictions because the escape itself is part of the substantive crime of assault with intent to commit murder is rejected. Escape is not a part of the crime of assault with intent to commit murder. The assault, i.e., the shooting in a restaurant, was complete prior to the commencement of the escape. The court's conclusion that defendant was guilty only as an accessory after the fact was supported by sufficient evidence.

4. The issue of whether the prosecutor's failure to establish the corpus delicti precluded the admission of defendant's state-

REFERENCES

Am Jur 2d, Criminal Law §§ 163 *et seq.,* 525 *et seq.*
Am Jur 2d, Evidence §§ 1124 *et seq.,* 1170 *et seq.*
Am Jur 2d, Homicide §§ 568 *et seq.*
Am Jur 2d, Trial §§ 463 *et seq.,* 496 *et seq.,* 1238.
Am Jur 2d, Weapons and Firearms § 7.5.
See the Index to Annotations under Aiding and Abetting; Assault and Battery; Attempt to Committ Crime; Homicide.

ment is not reviewed on appeal because the issue was not raised at trial and no manifest injustice will result from failure to review the issue.

5. The trial court did not err in considering, for sentencing purposes, a statement made by defendant's codefendant inculpating defendant. The consideration of hearsay evidence by the sentencing court does not deprive the defendant of any constitutional right so long as the defendant is afforded an adequate opportunity to rebut any matter that he believes to be inaccurate.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE.

The standard for deciding a motion raising the sufficiency of the evidence is whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could find the elements of the crime to have been proven beyond a reasonable doubt.

2. CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER.

The elements of assault with intent to commit murder are (1) an assault, (2) with the specific intent to commit murder, and (3) which, if successful, would make the killing murder.

3. CRIMINAL LAW — AIDING AND ABETTING.

A defendant is guilty of aiding and abetting a criminal offense if it is shown (1) that the substantive criminal offense was committed either by the defendant or by another, (2) that the defendant performed acts or gave encouragement which aided and assisted the commission of the crime, and (3) that the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of the giving of aid or encouragement.

4. CRIMINAL LAW — DIRECTED VERDICT — NOT GUILTY VERDICT — BENCH TRIALS.

The denial of a motion for a directed verdict alleging insufficiency of the evidence and the subsequent ruling by the court, sitting as trier of fact, that the defendant was not guilty of the charged crimes are not necessarily inconsistent, being decided in the framework of differing standards, although both require an evaluation of the same evidence.

5. CRIMINAL LAW — BENCH TRIALS — VERDICTS — PRESUMPTIONS.

The verdict of a judge sitting as the trier of fact is presumed to be the result of a correct application of the law to the evidence presented.

6. Criminal Law — Accessory After the Fact.

A person is an accessory after the fact when, after having obtained knowledge of the principal's guilt after the completion of the principal's crime, he renders assistance in an effort to hinder the detection, arrest, trial, or punishment of the principal.

7. Criminal Law — Felony-Firearm.

It is possession, not use, of a firearm during the commission of a felony that satisfies the requirements of the felony-firearm statute (MCL 750.227b[1]; MSA 28.424[2][1]).

8. Criminal Law — Accessory After the Fact — Felony-Firearm.

The common-law offense of accessory after the fact is a felony and may be the underlying felony upon which a felony-firearm conviction is based (MCL 750.227b[1]; MSA 28.424[2][1]).

9. Criminal Law — Sentencing — Hearsay.

The consideration of hearsay evidence by a sentencing court does not deprive a defendant of any constitutional right so long as the defendant is afforded an adequate opportunity to rebut any matter which he believes to be inaccurate.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Steven Fishman,* for defendant on appeal.

Before: Gillis, P.J., and Holbrook, Jr., and S. N. Andrews,* JJ.

Holbrook, Jr., J. After a bench trial, defendant Andre Dewayne Beard was convicted of ten counts of the common-law offense of being an accessory after the fact, MCL 750.505; MSA 28.773, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). These convictions were premised upon defendant's

* Circuit judge, sitting on the Court of Appeals by assignment.

role in the events and circumstances surrounding a shooting incident perpetrated in a crowded McDonald's restaurant by defendant's companion, Gregory Allen. Defendant was sentenced to prison terms of three years, four months, to five years on each of the accessory counts and two years on the felony-firearm count, the latter term to be served consecutively to the terms imposed for the accessory counts. We affirm.

Defendant was initially charged with ten counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, his criminal responsibility being premised upon an aiding and abetting theory, MCL 767.39; MSA 28.979. Defendant now argues that the trial court erred by denying his motion for a directed verdict on the ground that the evidence on these charges was insufficient as a matter of law. Acknowledging that the motion presented a close question, the trial court nevertheless denied the motion, apparently concluding that the prosecutor had satisfied his burden with inferences drawn from circumstantial evidence.

The standard for deciding a motion raising the sufficiency of the evidence is whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could find the elements of the crime to have been proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). The elements of assault with intent to commit murder are (1) an assault, (2) with the specific intent to commit murder, (3) which, if successful, would make the killing murder. *People v Cochran,* 155 Mich App 191, 193; 399 NW2d 44 (1986). A defendant is guilty of aiding and abetting a criminal offense if it is shown (1) that the substantive criminal offense was committed either by the defendant or by another, (2) that the defendant performed acts or

gave encouragement which aided and assisted the commission of the crime, and (3) that the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of the giving of aid or encouragement. *People v Acosta,* 153 Mich App 504, 512; 396 NW2d 463 (1986), lv den 428 Mich 865 (1987).

Here the evidence, viewed in a light favorable to the prosecutor, showed that a brown Buick automobile operated by defendant and occupied by Gregory Allen swerved at a group of pedestrians, one of whom responded by apparently firing a gun at the car. Defendant and Allen drove away, and Allen obtained a shotgun at defendant's residence. Later defendant and Allen arrived at the restaurant, and defendant confronted the person that he believed to be responsible for the earlier shooting. A fight broke out. Someone was observed leaving the restaurant and approaching the car driven by defendant. Allen entered the restaurant with the gun and discharged it several times, hitting several of the bystanders. This evidence was sufficient to show the commission of assault with intent to commit murder. After the shooting, defendant and Allen drove to the residence of defendant's brother's girlfriend (not the location where the gun was obtained), and left the gun there. Defendant, Allen, and a third person were apprehended later that day in the same automobile. Defendant fled, but one of the officers identified defendant as the driver. We find this evidence sufficient to defeat a motion for a directed verdict on the offenses of aiding and abetting an assault with the intent to murder. From this evidence, the finder of fact could have inferred that defendant had the requisite intent at the time of the shooting and that his actions in concert with Allen assisted the commission of the crime.

Defendant's sufficiency argument emphasizes the trial court's factual finding that defendant was not guilty of aiding and abetting the crime of assault with intent to commit murder. In making this finding, the trial court stated that "[t]here is no competent evidence in this record" to indicate that defendant had the intent or knowledge of the principal's intent requisite to imposition of criminal responsibility for aiding and abetting. The court added that the circumstantial evidence asserted to establish the prosecutor's theory that defendant and Allen acted according to a jointly conceived plan was too speculative. Defendant understands these remarks to indicate that the judge found insufficient evidence of the charged crime, thereby implicitly acknowledging that his earlier denial of a directed verdict was erroneous. We believe that the context of the remarks, read in conjunction with the court's ruling on the earlier motion for a directed verdict, indicates that the court made its findings of fact in the role of the trier of fact, not acting as the judge of the law deciding a motion for a directed verdict. The denial of a directed verdict and the finding of facts favorable to defendant were not inconsistent, being decided in the framework of differing standards, although both required an evaluation of the same evidence. We find no error.

Because we also find, for reasons stated in detail below, that the evidence was sufficient to sustain the crimes for which defendant was convicted, we conclude, in the alternative, that any error committed by the trial court was harmless beyond a reasonable doubt. MCR 2.613(A). Because the ruling on the sufficiency of the evidence occurred in the context of a bench trial, any danger that the verdict was the product of a compromise of the charged offenses was not present. When a judge

sits as the trier of fact, his verdict is presumed to be the result of a correct application of the law to the evidence presented. See *People v Cazal,* 412 Mich 680, 689; 316 NW2d 705 (1982).

Defendant also argues that the evidence was insufficient as a matter of law to support his conviction for felony-firearm when the underlying felonies are the offenses of being an accessory after the fact. This argument is premised upon *People v J D Williams,* 117 Mich App 505; 324 NW2d 70 (1982), aff'd 412 Mich 711; 316 NW2d 717 (1982), in which this Court reversed a felony-firearm conviction premised upon the underlying felony of accessory after the fact. The facts alleged in this case and in *Williams* to invoke criminal responsibility for being an accessory after the fact are similar; defendants in both cases concealed guns used by the principals to commit violent crimes. The Court in *Williams* held that the felony-firearm statute was inapplicable:

> However, this Court cannot apply the felony-firearm statute to this situation. The defendant's conviction of being an accessory after the fact was based on [the fact that] he took the gun to his girl friend's house. Defendant did not carry or possess a firearm while committing a felony; his felony conviction was based on his moving and hiding a gun. This is more analogous to the crime of carrying a concealed weapon, which is excepted from the felony-firearm statute. In *Wayne County Prosecutor* [v *Recorder's Court Judge,* 406 Mich 374, 391; 280 NW2d 793 (1979), app dis sub nom *Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979)], the Court summarized the legislative intent as follows:
>
> "The language employed by the Legislature in the felony-firearm statute, especially when analyzed against the backdrop of the sentence enhancement and mandatory minimum sentencing

provisions quoted above, leaves no doubt that the Legislature intended to make the carrying of a weapon during a felony a separate crime and intended that cumulative penalties should be imposed. The Legislature has clearly expressed its judgment that carrying a firearm during any felony which may, but need not necessarily, involve the carrying of a firearm, entails a distinct social harm inimical to the public health, safety and welfare which deserves separate treatment. In *order to deter the use of guns,* the Legislature has chosen to create a separate crime." (Emphasis added.)

In this case, the underlying crime, the alleged murder, was completed by the time defendant took codefendant to the hospital and allegedly transported the gun. The underlying crime certainly was a violent one, but the role that the jury found defendant played, that of an accessory after the fact, did not involve the use or attempted use of a gun in the commission of a felony. Therefore, the possession of a firearm conviction is reversed and the accessory after the fact conviction is affirmed. [*Id.,* 515-516.]

We are constrained to disagree with the reasoning of the *Williams* Court.

A person is an accessory after the fact when, after having obtained knowledge of the principal's guilt after the completion of the principal's crime, he renders assistance in an effort to hinder the detection, arrest, trial, or punishment of the principal. *People v Lucas,* 402 Mich 302; 262 NW2d 662 (1978). In the instant case, the trial court convicted defendant on the basis of its findings that defendant assisted in the flight from the scene of the shooting, driving the automobile at least at one point in time, and that defendant concealed the gun used in the shooting. Initially, we note that this case could be distinguished from the holding in *Williams* because defendant's conviction

was premised in part on his role in the further-
ance of the escape. Since this conduct is not analo-
gous to the crime of carrying a concealed weapon,
a crime explicitly excepted from the felony-firearm
statute, one rationale for reversing the defendant's
felony-firearm conviction in *Williams* is inapposite
here. However, we believe that the reasoning in
*Williams* is more fundamentally flawed because
the panel deciding that case apparently concluded
that the crime of accessory after the fact may
never constitute the underlying felony giving rise
to a felony-firearm conviction. We disagree with
that reasoning and choose to rest our holding on a
broader ground than a mere factual distinction
between this case and *Williams.*

The felony-firearm statute, MCL 750.227b; MSA
28.424(2), provides in pertinent part:

> (1) A person who carries or has in his possession
> a firearm at the time he commits or attempts to
> commit a felony, except the violation of section
> 227[1] or section 227a,[2] is guilty of a felony, and
> shall be imprisoned for 2 years. Upon a second
> conviction under this section, the person shall be
> imprisoned for 5 years. Upon a third or subse-
> quent conviction under this section, the person
> shall be imprisoned for 10 years.

When a statute is clear and unambiguous, judi-
cial interpretation at variance with the plain
meaning is precluded. *People v Walker,* 166 Mich
App 299, 301; 420 NW2d 194 (1988). The elements
of the felony-firearm offense are clear and unam-
biguous. It is possession, not use, of a firearm
during the commission of a felony that satisfies
the requirements of the statute. The common-law

---

[1] MCL 750.227; MSA 28.424—carrying a concealed weapon.

[2] MCL 750.227a; MSA 28.424(1)—unlawful possession of a pistol by
a licensee.

offense of accessory after the fact is a felony. MCL 750.505; MSA 28.773. See *People v Crousore,* 159 Mich App 304, 310; 406 NW2d 280 (1987). Since defendant was found to have possessed a firearm during his commission of the accessory offense, he is guilty of a felony-firearm offense.

Moreover, further review of the legislative policies underlying the statute supports our conclusion. The enactment of the felony-firearm statute amounted to a broad-based recognition "that carrying a firearm during any felony which may, but need not necessarily, involve the carrying of a firearm, entails a distinct social harm inimical to the public health, safety and welfare which deserves separate treatment," i.e., an additional, consecutive sentence. *Wayne Co Prosecutor, supra,* p · 391. The Legislature intended separate punishment for a felony-firearm conviction "to reach all but the excepted felonies," with no apparent exclusion for the underlying felonies that may be analogous to carrying a concealed weapon. *People v Sturgis,* 427 Mich 392, 406-408; 397 NW2d 783 (1986). We find no merit to defendant's argument that imposition of a felony-firearm conviction was improper.

Defendant also suggests that possession of a firearm during a joint escape cannot provide the basis for his convictions because the escape itself is part of the substantive crime of assault with intent to commit murder. Since conviction as an accessory after the fact requires the formation of the defendant's culpable state of mind *after* the completion of the principal's crime, defendant argues that the elements of accessory after the fact by their own definition do not apply here. Defendant cites no authority for the proposition that escape is part of the crime of assault with intent to commit murder, and we are aware of none. Our

review of the elements of assault with intent to commit murder, see *Cochran, supra,* indicate that the crime, i.e., the shooting in the restaurant, was complete prior to the commencement of the escape. Therefore, the trial court's conclusion that defendant was guilty only as an accessory after the fact, based on its finding that defendant's formation of the requisite state of mind occurred after Allen's crime was complete, was supported by sufficient evidence. Cf. *Lucas, supra.*

Defendant's argument that the prosecutor's failure to establish the corpus delicti precluded the admission of his statement was not raised during trial, thereby precluding appellate review absent manifest injustice. *People v Harris,* 113 Mich App 333, 335-336; 317 NW2d 615 (1982). We have reviewed the record, including the evidence independent of defendant's statement, and find no manifest injustice.

Defendant challenges his sentence on the ground that the court improperly considered a statement made by codefendant Allen inculpating defendant. The sentencing court acknowledged this statement to be inadmissible as evidence for purposes of trial pursuant to the rule of *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), but indicated its belief that the statement could be considered for sentencing purposes. We agree with the trial court. The statement was no different in kind or degree than any other hearsay. The consideration of hearsay by the sentencing court does not deprive the defendant of any constitutional right so long as the defendant is afforded an adequate opportunity to rebut any matter that he believes to be inaccurate. *People v King,* 158 Mich App 672, 679; 405 NW2d 116 (1987).

Affirmed.