# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSEPH ROBERT MISKO,

Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No. 323885
Oakland Circuit Court
LC No. 2013-247983-FH

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of manufacturing 20 or more but less than 200 marijuana plants, MCL 333.7401(2)(d)(*ii*), possession with intent to deliver less than 5 kilograms or fewer than 20 plants of marijuana, MCL 333.7401(2)(d)(*iii*), conspiracy to deliver or manufacture marijuana, MCL 750.157a, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to jail terms of 300 days each for the marijuana-related convictions, to be served consecutive to two-year terms of imprisonment for the felony-firearm convictions. Defendant appeals as of right. We affirm.

Defendant's brother, Samuel Misko, sold several pounds of marijuana to a police informant at a location in Oakland County. Authorities thereafter obtained a search warrant to search the Misko brothers' home in Genesee County, which led to the discovery of a marijuana growing operation and three loaded firearms. Defendant was prosecuted in Oakland County on charges related to both the marijuana delivered by his brother in Oakland County, as well as the marijuana and firearms discovered at defendant's home in Genesee County.

On appeal, defendant argues that MCL 762.8 is unconstitutional to the extent that it permitted his prosecution in Oakland County, rather than Genesee County. He argues that the statute violates the constitutional prohibition against double jeopardy and his right to due process. We disagree.

MCL 762.8 provides:

Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration of that felony, the felony may be prosecuted in any county where

-1-

any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect.

A statute is presumed to be constitutional unless its unconstitutionality is clearly apparent. *People v Deroche*, 299 Mich App 301, 305; 829 NW2d 891 (2013). We review de novo a question of constitutional law. *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004).

The United States and Michigan Constitutions prohibit placing a defendant in jeopardy twice for the same offense. US Const, Am V; Const 1963, art 1, §15. The prohibition against double jeopardy protects against: (1) a second prosecution for the same offense after a defendant has been acquitted of that offense; (2) a second prosecution for the same offense after a defendant has been convicted of that offense; and (3) multiple punishments for the same offense. *Nutt*, 469 Mich at 574. A successive prosecution for the same offense is barred if the second prosecution would require proof of the same elements as did the first proceeding. *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932); *People v Smith*, 478 Mich 292, 315-316; 733 NW2d 351 (2007).

Defendant's double jeopardy argument lacks merit. MCL 762.8 does not authorize multiple prosecutions for the same offense; it merely allows an offense to be prosecuted in any county where a defendant's criminal conduct occurred, or where the defendant intended for a felonious act to have an effect. The prohibition against double jeopardy would still operate to prevent a second prosecution for the same offense. See *Smith*, 478 Mich at 315-316. Defendant concedes that he has not been prosecuted in Genesee County for the same offenses for which he was prosecuted in Oakland County. Thus, defendant has not been subject to a second prosecution to which the prohibition against double jeopardy applies. Defendant's double jeopardy argument is simply unavailing.

We also reject defendant's due process argument, wherein he contends that "multiple attempts to prosecute a defendant for the same crime may violate the defendant's due process rights if these efforts indicate an attempt to harass the defendant or to shop for a more favorable forum." First, there have not been "multiple attempts" to prosecute defendant. Also, there is no support for the contention that the venue selection constituted an effort to harass defendant or entailed improper forum shopping.[1]

In *People v Houthoofd*, 487 Mich 568, 579; 790 NW2d 315 (2010), our Supreme Court observed:

The general venue rule is that defendants should be tried in the county where the crime was committed. "[E]xcept as the legislature for the furtherance of

---

[1] Defendant asserts, without providing any factual support, that Oakland County was chosen as the venue for his prosecution because the Oakland County Prosecutor takes a more "zealous" approach to criminal cases than does the Genesee County Prosecutor. Defendant's argument ignores that one of the charges was based on an actual delivery of marijuana in Oakland County, which thereby established a nexus between the charged offenses and Oakland County.

justice has otherwise provided reasonably and within the requirements of due process, the trial should be by a jury of the county or city where the offense was committed." [Citations omitted.]

The *Houthoofd* Court stated that "statutory venue error is not a constitutional error" and that "venue in the location where the crime was committed is not constitutionally required." *Id.* at 588-589. Defendant fails to convince us that MCL 762.8, on its face or as applied to him, violates due process.

Next, defendant argues that because the felony-firearm charges were predicated on the underlying felonies of manufacturing 20 or more but less than 200 marijuana plants and possession with intent to deliver marijuana, which were based on activity that allegedly occurred in Genesee County, and because the firearms also never left Genesee County, Oakland County could not be the proper venue under MCL 762.8 for prosecution of the felony-firearm charges. We disagree.

We initially find that, assuming a venue error, it was harmless. In *Houthoofd*, 487 Mich at 571, our Supreme Court held:

> We conclude that venue was not proper for either charge because neither crime was committed in Saginaw County. However, because improper venue is not a constitutional structural error, this matter is subject to a harmless error analysis under MCL 769.26. In this case, defendant was not deprived of his due process right to a fair trial before an impartial jury and there has been no miscarriage of justice. Moreover, MCL 600.1645 explicitly provides that no judgment shall be voided solely on the basis of improper venue.

The Court indicated that a defendant claiming improper venue needs to show that it is more probable than not that the outcome of the trial would have been different had he or she been prosecuted in another county or that the defendant was deprived of a fair trial by an impartial jury. *Houthoofd*, 487 Mich at 590. Defendant here has not established that the outcome would have been different had he been prosecuted in Genesee County, nor has he shown that he was deprived of a fair trial by an impartial jury. To the extent that defendant suggests that charges would not have been brought by the Genesee County Prosecutor's Office, this precise argument was rejected in *Houthoofd*. See *Houthoofd*, 487 Mich at 590 (the defendant argued prejudice because prosecutors in Arenac County had declined to prosecute the defendant on a charge, but the Court stated that "this is not the same as arguing that it is more probable than not that the outcome of the case would have differed had he been tried in Arenac County").

Furthermore, considering that some marijuana was sold in Oakland County, and given that the drug felonies served as the underlying bases for the felony-firearm charges, which were necessary elements or components of the firearm charges, Oakland County could reasonably be deemed the "county that the defendant intended the felony or acts done in perpetration of the felony *to have an effect*." MCL 762.8 (emphasis added); see also *People v King*, 271 Mich App 235, 242-243; 721 NW2d 271 (2006). Reversal is unwarranted.

-3-

Defendant also argues that the mandatory two-year prison term for felony-firearm is unconstitutionally cruel or unusual as applied to him. We disagree. The United States Constitution prohibits cruel and unusual punishment. US Const, Am VIII. The Michigan Constitution prohibits cruel *or* unusual punishment. Const 1963, art 1, §16. In *People v Hallack*, 310 Mich App 555, 571-572; 873 NW2d 811 (2015), rev'd in part on other grounds 876 NW2d 523 (2016), this Court explained:

> "In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011); see also *People v Bosca*, 310 Mich App 1, 56; 871 NW2d 307 (2015). However, the "dominant test" is the proportionality question, which is "whether the punishment is so excessive that it is completely unsuitable to the crime." *People v Coles*, 417 Mich 523, 530; 339 NW2d 440 (1983), citing *People v Lorentzen*, 387 Mich 167, 181; 194 NW2d 827 (1972) (holding that a mandatory minimum prison sentence of 20 years for nonviolent crime of selling marijuana with no individualized consideration was cruel or unusual).

A two-year sentence for a conviction of felony-firearm is mandated by statute. MCL 750.227b(1). A legislatively mandated sentence is presumptively proportionate. *People v Davis*, 250 Mich App 357, 369; 649 NW2d 94 (2002). A proportionate sentence does not constitute cruel or unusual punishment. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). In order to overcome the presumption of proportionality, a defendant "must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Defendant's arguments are without merit. "The felony-firearm statute applies whenever a person carries or has a firearm in his possession when committing or attempting to commit a felony." *People v Moore*, 470 Mich 56, 62; 679 NW2d 41 (2004). The Legislature intended that the separate punishment for a conviction of felony-firearm be imposed upon conviction of any felony other than those expressly excepted[2] if the defendant possesses a firearm during the commission of the felony. *People v Sturgis*, 427 Mich 392, 406-408; 397 NW2d 783 (1986). A defendant need not use a firearm during the commission of a felony; the possession of a firearm is sufficient to meet the requirements of MCL 750.227b. *People v Beard*, 171 Mich App 538, 546; 431 NW2d 232 (1988). In the instant case, firearms were found in the residence in which defendant lived and in which he grew marijuana. The offenses of which defendant was convicted are felonies and are not excepted from the felony-firearm statute. Defendant has not established the existence of unusual circumstances that would make the application of the punishment for felony-firearm disproportionate, and thus he has not shown that the imposition of

---

[2] MCL 750.227b(1), the felony-firearm statute, excepts from its coverage certain enumerated felonies, none of which are at issue here.

the two-year terms of imprisonment constituted cruel or unusual punishment as applied to him. *Lee*, 243 Mich App at 187.

Next, defendant argues that the trial court erred in ruling that he failed to present a prima facie case of entitlement to immunity, § 4, or to a defense, § 8, under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.* The trial court rejected defendant's argument under § 4 without an evidentiary hearing and rejected defendant's argument under § 8 after conducting an evidentiary hearing. Defendant was responsible for providing a transcript of that hearing on appeal. MCR 7.210(B)(1). He has not done so, despite a request from this Court. This Court will generally not consider an issue for which the defendant has failed to provide a necessary transcript. *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). Whether defendant made the required prima facie showings under § 8 of the MMMA is a factual issue that this Court cannot properly review without examining the transcript. By failing to provide the necessary transcript, defendant has waived review of this issue. Moreover, defendant's argument is ultimately cursory and only asserts compliance with two of three prongs pertaining to § 4(b) and two of three prongs pertaining to § 8(a), leaving out any discussion of the prongs concerning the allowable weight of usable marijuana, § 4(b)(1), or the quantity of marijuana, § 8(a)(2).[3] See *People v Hartwick*, 498 Mich 192, 201-203; 870 NW2d 37 (2015). Therefore, defendant's own argument is woefully inadequate and effectively defeats his position on this issue. Reversal is unwarranted.

Defendant also argues, independent from any § 4 or § 8 defense, that the trial court erred by holding that he was not entitled to present evidence that he was authorized under the MMMA to grow marijuana and so intended to provide marijuana only to his registered patients in Genesee County.[4] We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Defendant claims that the fact that he was a licensed medical marijuana caregiver was relevant to show that he had an intention to only provide the marijuana inside of Genesee County (and thereby not to Oakland County). This argument is without merit. The fact that defendant was an authorized caregiver under the MMMA does not speak to whether he intended to sell marijuana in Oakland County. In other words, even assuming that defendant had a license to grow marijuana and all of his licensed patients were located in Genesee County, these facts do not make it more or less probable that defendant also intended to illegally sell marijuana in a different county. Accordingly, the trial court did not abuse its discretion when, after it concluded that defendant failed to establish a

---

[3] Defendant argues that the trial court "should have automatically found [defendant] to be in compliance with prongs one and three of Section 8 as well as prongs 2 and 3 of Section 4." Defendant does not proceed to address or make an argument in regard to the other prongs.

[4] The record does not establish that defendant presented to the trial court any documentation that entitled him to grow marijuana.

prima facie defense under § 4 or § 8 of the MMMA, it refused to admit evidence concerning defendant's status as a medical marijuana caregiver.

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause