PEOPLE v BALLANTYNE

Docket No. 172099. Submitted May 2, 1995, at Detroit. Decided
August 15, 1995, at 9:10 A.M.

Mark M. Ballantyne pleaded nolo contendere in the Oakland
Circuit Court, Richard D. Kuhn, J., to a charge of aggravated
stalking. He appealed, claiming that the stalking statute, MCL
750.411i; MSA 28.643(9), is vague and overbroad and impermis-
sibly shifts the burden of proof in creating a rebuttable pre-
sumption that a victim is terrorized.

The Court of Appeals *held:*

The challenges raised by the defendant were rejected in
*People v White,* 212 Mich App 298 (1995).

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Kathryn G. Barnes,* Assistant Prosecuting Attorney, for the people.

*Sarah J. Lyons,* for the defendant on appeal.

Before: NEFF, P.J., and GRIBBS and R. D. GOTHAM,* JJ.

PER CURIAM. Defendant pleaded nolo contendere to one count of aggravated stalking, MCL 750.411i; MSA 28.643(9), and was sentenced to three years' probation, the first six months to be served in prison. Defendant appeals as of right and we affirm.

Defendant challenges the constitutionality of the stalking statute on the grounds that it is vague

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and overbroad. The constitutionality of this statute was, however, recently upheld by this Court in *People v White,* 212 Mich App 298; 536 NW2d 876 (1995).

We separately address defendant's argument that § 411i(5) of the statute, which creates a rebuttable presumption that defendant's acts caused the victim to feel terrorized, impermissibly shifts the burden of proof of an element of the offense to defendant.[1] We reject this argument for the reasons set forth in this Court's opinion in *White, supra,* pp 313-315, where this identical issue was raised sua sponte by a panel of this Court. While the opinion in *White* is arguably dictum regarding this issue, we agree with both the reasoning and conclusion and adopt it as our own.

Finally, because defendant challenged only the constitutionality of the statute below, and later pleaded nolo contendere, we decline to review any arguments not based on the constitutionality of the statute. See *People v Rollins,* 207 Mich App 465, 470-471; 525 NW2d 484 (1994); *People v Kelley,* 181 Mich App 95, 97; 449 NW2d 109 (1989).

Affirmed.

---

[1] Although defendant first raised this issue in his supplemental brief to this Court, and thus it is technically not before us, MCR 7.212(F), we review it nonetheless because it raises an important constitutional issue, see *People v Gezelman (On Rehearing),* 202 Mich App 172, 174; 507 NW2d 744 (1993).