Per Curiam.
 

 Respondent appeals by leave granted the order of the trial court that modified a “no contact” provision of a personal protection order (ppo) and allowed respondent parenting time with his minor children. Respondent also appeals as of right the order of the trial court that found respondent in criminal contempt for violating the ppo. Respondent was sentenced to thirty days’ jail time. The appeals were consolidated. We affirm.
 

 Respondent argues that the trial court erred in entering a ppo prohibiting respondent from contacting his children. Respondent also argues that the trial court had no statutory authority to modify the PPO to include parenting time. Essentially, respondent argues that these custody and parenting time determinations can be made only in a child custody proceeding. In an effort to support his argument, respondent cites the Child Custody Act, MCL 722.21
 
 et seq.
 
 Respondent argues that this act shows the Legislature’s intent to have courts examine the best interests of the child factors before making any decision regarding custody or parenting time. Respondent argues that, in this
 
 *70
 
 case, the trial court circumvented this requirement by deciding the issue in the ppo proceeding.
 

 Respondent is correct that MCL 722.23 enumerates several factors for a court to use to determine the best interests of the children involved in a custody dispute. Nonetheless, we do not believe that these factors were required to be applied in the instant case. The trial court was not making a custody determination. Instead, the trial court was simply issuing an emergency order, which was essentially an award of temporary custody of the children to petitioner, while granting respondent parenting time until the divorce proceeding was initiated so that the children might be protected from physical violence or emotional violence or both inflicted on them by respondent.
 

 Moreover, the trial court had statutory authority to restrict respondent’s contact with his children. MCL 600.2950, the statute pertaining to personal protection orders, allows a court to restrain an individual from doing various acts. MCL 600.2950(1)0) is directly applicable to the instant case and provided the trial court with authority to issue the ppo prohibiting respondent’s contact with the children. This “catchall” provision clearly provides the trial court with authority to restrain respondent from any other action that “interferes with personal liberty” or might cause “a reasonable apprehension of violence.”
 
 Id.
 

 This statutory provision allows the trial court to restrain respondent from “[a]ny other specific act or conduct. . . that causes a reasonable apprehension of violence.”
 
 Id.
 
 There is no question that it would be reasonable for petitioner to fear that respondent might become violent with petitioner if she were
 
 *71
 
 forced to permit respondent to visit the children or exchange the children for parenting time. Additionally, this interpretation is entirely consistent with the remainder of the statute, which makes it clear that the Legislature recognized that access to the children may need to be restrained to protect the safety of a parent. See MCL 600.2950(l)(d), (f), and (h).
 

 Respondent argues that this cannot provide an adequate statutory basis for the trial court to restrain his contact with his children because petitioner did not allege that respondent was violent toward the children. We disagree. First, while it is true that petitioner did not allege that respondent was physically violent toward his children, petitioner did set forth in detail that on several occasions respondent was physically violent toward petitioner in front of the children. Second, it is clear from petitioner’s statement that respondent was becoming increasingly more violent. Therefore, it is entirely possible that respondent’s behavior might have eventually escalated and involved the children. This is particularly true where, as here, petitioner sought the PPO to protect her children so that she could leave respondent and file for divorce. Indeed, a ppo is issued on an emergency basis and when the trial court has only limited information. Thus, we agree with the trial court’s approach of erring on the side of caution when serious allegations of abuse have been made.
 

 Respondent also argues that allowing a trial court to issue orders regarding custody and parenting time in a ppo proceeding causes an “administrative nightmare.” We disagree. First, the ppo proceeding and the subsequent divorce proceeding were both assigned to the same judge. The “one family, one
 
 *72
 
 judge” approach allows the judge to be intimately familiar with all the proceedings involving the parties. See MCR 3.703(D)(1). Second, the trial court can take precautionary measures to prevent any potential confusion by issuing duplicate orders. In other words, all orders entered in the PPO proceeding can be placed in the file for the divorce proceeding. This same process can be repeated for orders entered in the divorce proceeding. This further eliminates the possibility of confusion.
 

 Respondent also argues that allowing the entry of custody and parenting time orders in a PPO proceeding subjects respondent to serious sanctions for violation of a PPO if he should commit any “minor infractions” of a parenting time order. Again, we disagree with respondent’s argument. The trial court in this case was mindful of this fact and specifically stated that it would not subject respondent to sanctions for violation of a PPO where respondent simply committed a “minor infraction” of a parenting time order.
 

 Next, respondent argues that his conviction of criminal contempt must be reversed because he was denied the right to a jury trial.
 

 We review constitutional questions de novo.
 
 People v Conat,
 
 238 Mich App 134, 144; 605 NW2d 49 (1999). Here, respondent’s argument fails. Contempt proceedings are governed by MCR 3.708. Further, MCR 3.708(H)(1) specifically explains that a respondent in a contempt proceeding is not entitled to a jury trial.
 

 Respondent also argues that the trial court failed to make the appropriate factual findings. We review the trial court’s factual findings for clear error.
 
 Hofmann v Auto Club Ins Ass’n,
 
 211 Mich App 55, 98; 535 NW2d 529 (1995).
 

 
 *73
 
 Respondent is correct that the trial court is required to make factual findings. MCR 3.708(H)(4) provides: “At the conclusion of the hearing, the court must find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment. The court must state its findings and conclusions on the record or in a written opinion made a part of the record.”
 

 In this case, the trial court issued an opinion and order finding respondent in contempt of court. However, the trial court did not state its findings of fact. Instead, the trial court simply adopted the proposed findings of fact that had been submitted by petitioner. Nevertheless, we find that the trial court complied with the court rule. See
 
 Triple E Produce Corp v Mastronardi Produce, Ltd,
 
 209 Mich App 165; 530 NW2d 772 (1995).
 

 Next, respondent argues that there was insufficient evidence to support his conviction of criminal contempt. We disagree.
 

 A trial court’s findings in a contempt proceeding must be affirmed on appeal if there is competent evidence to support them.
 
 Cross Co v UAW Local No 155,
 
 377 Mich 202, 218; 139 NW2d 694 (1966);
 
 Pontiac v Grimaldi,
 
 153 Mich App 212, 215; 395 NW2d 47 (1986). However, the issuance of an order of contempt rests in the sound discretion of the trial court and is reviewed only for an abuse of discretion.
 
 Mason v Siegel,
 
 301 Mich 482, 484; 3 NW2d 851 (1942);
 
 People v Ahumada,
 
 222 Mich App 612, 617; 564 NW2d 188 (1997).
 

 In this case, the ppo ordered respondent to refrain from taking several specifically enumerated actions, including “sending mail/other communications to the
 
 *74
 
 petitioner.” We agree with the trial court’s conclusion that respondent violated the ppo by disregarding this prohibition. Respondent, after he became aware that petitioner was having an affair, traveled to New York to confront the paramour. Respondent wrote the words “bitch,” “cunt, and whore” on a $1 and gave it to the paramour. Respondent denied that he told the paramour to give the $1 bill to petitioner. The paramour testified that respondent told him, “The next time you talk to Lisa, tell her I said this.” He told petitioner about the incident.
 

 We find that respondent’s actions violated the prohibition against sending communications to petitioner. We acknowledge that the testimony on this point was contradictory. However, an appellate court may not weigh the evidence or the credibility of witnesses. See
 
 Cross Co, supra,
 
 217. Thus, respondent violated the ppo by sending communications to petitioner through her paramour
 
 [1]
 
 .
 

 Next, respondent argues that the stalking statute, MCL 750.41lh, is unconstitutional. Essentially, respondent argues that the statute is unconstitutional because it does not provide an individual with notice of what conduct is prohibited. Respondent also argues that the statute provides the factfinder with too much discretion to determine whether a crime has been committed.
 

 
 *75
 
 We review the constitutionality of a statute de novo.
 
 In re Gosnell,
 
 234 Mich App 326, 333; 594 NW2d 90 (1999). However, we reject respondent’s arguments because we addressed and rejected these precise arguments and found the statute constitutional in
 
 People v White,
 
 212 Mich App 298; 536 NW2d 876 (1995). See also
 
 Staley v Jones,
 
 239 F3d 769 (CA 6, 2001);
 
 People v Coones,
 
 216 Mich App 721; 550 NW2d 600 (1996);
 
 People v Ballantyne,
 
 212 Mich App 628; 538 NW2d 106 (1995).
 

 Next, respondent argues that he was denied the right of allocution before he was sentenced for the contempt offense.
 

 We review the sentencing transcript de novo to determine if respondent was denied his right of allocution. See, generally,
 
 People v Lowe,
 
 172 Mich App 347, 349-351; 431 NW2d 257 (1988).
 

 In support of his argument, respondent cites MCR 6.425(D)(2)(c), which requires the trial court to give a defendant an opportunity to speak before the defendant is sentenced. However, respondent fails to recognize that he was not a defendant in a criminal trial. Instead, respondent was accused of violating a PPO and was a participant in a contempt proceeding. MCR 3.708 specifically governs the procedures to be followed in a contempt proceeding and provides in part:
 

 (a) If the respondent pleads or is found guilty of criminal contempt, the court shall impose a sentence of incarceration for no more than 93 days and may impose a fine of not more than $500.00.
 

 (b) If the respondent pleads or is found guilty of civil contempt, the court shall impose a fine or imprisonment as specified in MCL 600.1715 and 600.1721. [MCR 3.708(H)(5).]
 

 
 *76
 
 In other words, the applicable court rule makes no mention of affording a respondent in a contempt proceeding the right of allocution. We find this noteworthy given the fact that the court rule goes to great lengths to specify that a respondent in a contempt proceeding is not entitled to a jury trial, has the right to be present at the hearing, has the right to cross-examine witnesses, and has the right to present evidence, and that the rales of evidence are applicable and there must be proof beyond a reasonable doubt to find the respondent guilty. MCR 3.708(H). Thus, we reject respondent’s argument.
 

 Finally, respondent argues that the trial court sentenced respondent on the basis of a sentencing policy and deprived respondent of an individualized sentence. We disagree.
 

 At sentencing, the trial court stated: “All right. Let me tell you what I’m going to do. In these cases, the Court has a policy of a 30-day jail time whenever you violate a personal protection order. And I’m not going to change it for this case. I’m going to apply it.” Respondent relies solely on the trial court’s statement to urge that he is entitled to resentencing.
 

 We disagree with respondent. In accordance with MCR 3.708(H)(5)(a), respondent could receive a maximum sentence of ninety-three days’ jail time and a fine of not more than $500. Here, respondent received thirty days’ jail time. Respondent makes no argument that his sentence was not appropriate. Moreover, we disagree with respondent that the trial court’s statement is evidence that respondent received the sentence of thirty days’ jail time because the trial court sentenced every respondent to that amount of jail time, regardless of the respondent’s history or the cir
 
 *77
 
 cumstances surrounding the contempt finding. The trial court was simply explaining that, in a typical contempt of court case, it believed that a thirty-day sentence was appropriate. Therefore, the logical inference is that the trial court believed this was the typical case. Indeed, there was no evidence that the violations of the PPO were particularly violent, which would warrant a jail sentence more in line with the maximum possible sentence.
 

 Furthermore, as petitioner points out, the trial court made every effort to be accommodating to respondent. Specifically, the trial court agreed to allow respondent to serve his sentence in fifteen-day increments. Thus, respondent is not entitled to resentencing.
 

 Affirmed.
 

 [1]
 

 We note that the trial court found that respondent violated the ppo in several other respects. However, because we have found that respondent violated the ppo by using the paramour to send a communication to petitioner, there was competent evidence to find respondent in contempt of court. Therefore, it is unnecessary to discuss those additional reasons for finding respondent in contempt of court.