# STATE OF MICHIGAN

# COURT OF APPEALS

LILLIAN KORTUJIN SONG,

UNPUBLISHED
December 11, 2014

Petitioner-Appellee,

v

No. 317523
Oakland Circuit Court
LC No. 2013-805048-PP

WILLIAM PATRICK MOORE,

Respondent-Appellant.

Before: BORRELLO, P.J., and WILDER and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right an order denying his motion to modify or terminate the personal protective order ("PPO") enforced against him by plaintiff. We affirm.

Respondent first contends that the trial court abused its discretion in denying his motion to terminate or modify the PPO. We disagree.

This Court reviews a trial court's determination regarding a PPO for an abuse of discretion. *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). An abuse of discretion occurs when the trial court's decision results in an outcome that falls outside the principled range of outcomes. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

MCL 600.2950 sets forth the criteria under which a trial court may issue a PPO. Under MCL 600.2950(4), the trial court is required to issue a PPO if it determines that "there is reasonable cause to believe that the individual to be restrained or enjoined may commit 1 or more of the acts listed in subsection (1)." The acts listed in subsection 1 include "[a]ssaulting, attacking, beating, molesting, or wounding a named individual," MCL 600.2950(1)(b), "[t]hreatening to kill or physically injure a named individual," MCL 600.2950(1)(c), or "[a]ny other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence," MCL 600.2950(1)(j). In determining whether good cause exists, the trial court is required to consider "[t]estimony, documents, or other evidence" and "[w]hether the individual to be restrained . . . has previously committed or threatened to commit 1 or more of the acts listed in subsection (1)." MCL 600.2950(4)(a) and (b). "The burden of proof in obtaining the PPO, as well as the burden of justifying continuance of the order, is on the applicant for the restraining order." *Pickering v Pickering*, 253 Mich App 694, 701; 659 NW2d 649 (2002). Reasonable cause to enter a PPO exists when the respondent engages in conduct

-1-

designed to cause the petitioner a reasonable apprehension of violence. MCL 600.2950(1)(j); *Pickering*, 253 Mich App at 701.

At the hearing on respondent's motion to modify or terminate the PPO, petitioner testified that she was the victim of two physical attacks by defendant; one that led to bruises on her face, collarbone, and arm, and a second incident in which respondent shoved her into furniture and a wall. She also testified that she experienced threats and harassment from respondent on numerous occasions. During one attack respondent bumped his adolescent son against the wall.

Respondent's argument on appeal is that petitioner's testimony was incredible because she never reported these physical attacks during the parties' numerous divorce court proceedings nor filed a police report for most of the alleged instances of violence. However,

> [a] court shall not refuse to issue a personal protection order solely due to the absence of any of the following:
>
> (a) A police report.
>
> (b) A medical report.
>
> (c) A report or finding of an administrative agency.
>
> (d) Physical signs of abuse or violence. [MCL 600.2950(6).]

Additionally, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). "[A]n appellate court may not weigh the evidence or the credibility of witnesses," *Brandt v Brandt*, 250 Mich App 68, 74; 645 NW2d 327 (2002), thus, respondent's argument that petitioner's testimony was incredible is insufficient to overcome the trial court's discretion in regards to the grant or denial of a PPO. This Court has previously held that a wife's allegations of threats by her husband, spanning over the course of a year, were sufficient to support a finding of "reasonable apprehension of violence," MCL 600. 2950(1)(j), and the entering of an ex parte PPO. *Visser v Visser*, 299 Mich App 12, 21-22; 829 NW2d 242 (2012), vacated in part on other grounds 495 Mich 862 (2013). Because the trial court found petitioner's testimony credible, and petitioner's testimony met the requirements of MCL 600.2950(1)(b), (c), and (j), the trial court properly exercised its discretion in continuing the PPO. MCL 600.2950(4); *Hayford*, 279 Mich App at 325.

Respondent next contends that the trial court abused its discretion in failing to grant his motion to modify the provision of the PPO that only allowed him supervised parenting time with his adolescent son. We disagree.

Again, we review for an abuse of discretion a trial court's determination regarding a PPO. *Hayford*, 279 Mich App at 325. MCL 600.2950 sets forth the criteria under which a trial court may issue a PPO. As a condition of the PPO, a trial court can restrain or enjoin the subject of the PPO from "[r]emoving minor children from the individual having legal custody of the children, except as otherwise authorized by a custody or parenting time order issued by a court of competent jurisdiction." MCL 600.2950(1)(d). Further, a trial court can enjoin the subject of the

PPO from "[a]ny other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence." MCL 600.2950(1)(j).

Respondent first argues that the trial court abused its discretion by only allowing him supervised parenting time because petitioner alleged no acts of violence or abuse of any kind against their son. In *Brandt*, 250 Mich App at 70-72, a panel of this Court held that a trial court could restrict the respondent's conduct with his children, even though the petitioner had not alleged that the respondent was ever violent towards his children. *Id*. at 70-71. There, the Court held that MCL 600.2950(1)(j), the " 'catchall' provision" of the PPO statute, "clearly provides a trial court with the authority to restrain [the] respondent from any other action that 'interferes with personal liberty' or might cause 'a reasonable apprehension of violence.' " *Id*. at 70. The *Brandt* Court further held that the petitioner's allegations of the respondent's violence toward her were sufficient to provide a statutory basis for restricting the respondent's contact with his children because the petitioner alleged that the respondent had been physically violent with her in front of the children and was becoming more violent, and it was "entirely possible that [the] respondent's behavior might have eventually escalated and involved the children." *Id*. at 71.

*Brandt* is analogous to the instant case. Here, petitioner alleged acts of violence by respondent, as well as threats and screaming in front of their adolescent son. Additionally, and arguably worse than the facts in *Brandt*, is that petitioner testified that their son was bumped into a wall during one of respondent's outbursts. On these bases, the trial court properly restricted respondent's access to his son to supervised visitation, well within the trial court's discretion. See MCL 600.2950(1)(j) (allowing the trial court to restrict "any other specific act" causing an apprehension of violence by respondent).

Next, respondent argues that the trial court abused its discretion when it continued the provision of the PPO requiring supervised visitation without first placing on the record findings that his son's safety would be compromised by unsupervised visitation, in accordance with the requirements of MCR 3.706(C). MCR 3.706(C)(2) provides:

> If the respondent's custody or parenting time rights will be adversely affected by the personal protection order, the issuing court shall determine whether conditions should be specified in the order which would accommodate the respondent's rights or whether the situation is such that the safety of the petitioner and minor children would be compromised by such conditions.

Here, the trial court held that it did believe petitioner's allegations of respondent's violence and abuse, toward petitioner and in front of their son. Implicitly the court found a potential danger to both petitioner and the minor. Further, MCR 3.706(C) only applies to *existing* custody orders, see MCL 3.706(C) ("Existing Custody and Parenting Time Orders."), which the parties both agreed, at the hearing, did not exist at the time of the trial court's denial of respondent's motion to terminate or modify the PPO. Therefore, even if the trial court had failed to provide an adequate reason for its order requiring supervision over respondent's parenting time, those requirements did not apply to the instant ruling.

-3-

Finally, respondent contends that his due process rights were violated by his lack of notice of the proceedings in which petitioner amended the original ex parte PPO. Again, we disagree.

"Generally, an issue is not properly preserved if it is not raised before, addressed by, or decided by the lower court or administrative tribunal." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386-387; 803 NW2d 698 (2010). Respondent never contended in the trial court that his due process rights were violated by the modification of the PPO without notice. Therefore, this issue is unpreserved for appeal.

Generally, "[t]his Court reviews constitutional issues de novo as questions of law." *Kampf v Kampf*, 237 Mich App 377, 381; 603 NW2d 295 (1999). However, unpreserved constitutional errors are reviewed for plain error affecting substantial rights. *King v Oakland Co Prosecutor*, 303 Mich App 222, 239; 842 NW2d 403 (2013).

Both the United States and Michigan Constitutions guarantee that the state cannot deny any person the right to "life, liberty, or property, without due process of law." US Const Am XIV; Const 1963, art 1, § 17. "Service-of-process rules are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses." *Hill v Frawley*, 155 Mich App. 611, 613; 400 NW2d 328 (1986). "Neither errors in the content of the service nor in the manner of service are to result in dismissal unless the errors are so serious as to cause the process to fail in its fundamental purpose." *Bunner v Blow-Rite Insulation Co,* 162 Mich App 669, 674; 413 NW2d 474 (1987).

Defendant contends that his due process rights were violated when the trial court failed to set a hearing on plaintiff's motion to amend the ex parte PPO, and merely reviewed plaintiff's motion to modify along with her attached statement and issued an addendum to the PPO. Here, the original PPO granted to plaintiff had not been served upon defendant, and he had no knowledge of it until served with the amended PPO after the June 24, 2013 hearing.

MCL 600.2950(12) provides:

> An ex parte personal protection order shall be issued and effective without written or oral notice to the individual restrained or enjoined or his or her attorney if it clearly appears from specific facts shown by verified complaint, written motion, or affidavit that immediate and irreparable injury, loss, or damage will result from the delay required to effectuate notice or that the notice will itself precipitate adverse action before a personal protection order can be issued.

The person restrained by an ex parte PPO may file a motion to modify or rescind the PPO "within 14 days after the order is served or after the individual restrained or enjoined has received actual notice of the [PPO]." MCL 600.2950(13). Further, although a PPO is effective at the moment it is signed by a judge, the person restrained can avoid arrest for a first reported violation of the PPO if the person lacks notice and ceases the behavior that violates the order. MCL 600.2950(22); see also *Kampf*, 237 Mich App at 385 (stating same).

-4-

Here, the trial court adopted petitioner's proposed amendments when petitioner alleged additional facts showing the likelihood of immediate and irreparable injury, sufficient to support an ex parte "emergency" PPO. Whether the filing was an amendment to an existing, yet unserved, PPO or an independent petition for a PPO, the trial court had the requisite information before it to grant the petition. See MCL 600.2950(12). Though MCR 3.707(A)(1)(a) provides that a petitioner "may . . . request a hearing" to modify or terminate a PPO, the language used is permissive and did not require petitioner to undergo a hearing on the amendment. Additionally, though an ex parte PPO existed for quite some time without respondent's knowledge, respondent cannot show any prejudice arising from this lack of notice because the statute provides that respondent could not have been arrested for any violation of the original ex parte PPO before service of the PPO or his actual notice of it. MCL 600.2950(22). As this Court has held in the past, "the procedural safeguards employed under the [PPO] statute are sufficient to meet [a] due process challenge." *Kampf*, 237 Mich App at 384.

After respondent became aware of the amended ex parte PPO, he properly filed his motion to amend or rescind the PPO within the 14 days provided by court rule. MCR 3.707(A)(1)(b). At the hearing, respondent was able to challenge every proscription contained within the PPO, including the requirement that he move out of the marital home and the requirement of supervision during parenting time with his son. Respondent was never faced with the prospect of any legal consequences as a result of the unserved original PPO, or even the amended PPO until it was served on him. MCL 600.2950(22). On these grounds, even if there had been a nominal violation of respondent's due process rights because of his lack of notice, he is unable to show any prejudice arising out of lack of notice, and therefore, respondent cannot establish plain error affecting substantial rights. *King*, 303 Mich App at 239.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Cynthia Diane Stephens