# STATE OF MICHIGAN

# COURT OF APPEALS

---

In re MARY PAT FOSTER.

---

JOHN THOMAS BENSON,

              Petitioner,

and

PEOPLE OF THE STATE OF MICHIGAN,

              Appellee,

v

MARY PAT FOSTER, a/k/a PAT FOSTER,

              Respondent-Appellant.

UNPUBLISHED
February 24, 2015

No. 319516
Allegan Circuit Court
LC No. 13-051781-PH

---

Before: BECKERING, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Respondent, Mary Pat Foster, appeals as of right the December 4, 2013 order of the Allegan Circuit Court finding him in criminal contempt for violating a personal protection order (PPO) previously issued in LC No. 12-050051-PH.[1] We affirm.

Petitioner, John Thomas Benson, filed a petition for an ex parte PPO against respondent, his neighbor, on May 2, 2012. The trial court granted the petition on May 4, 2012 and entered a yearlong ex parte PPO prohibiting respondent from (1) following, (2) appearing at the workplace or residence of, (3) entering onto or remaining on the property of, (4) sending mail or other communications to, (5) contacting via telephone, (6) placing an object on or delivering an object to, or (7) threatening to kill or physically injure petitioner. Respondent moved to terminate the

---

[1] We recognize that the order appealed in this case was incorrectly entered in LC No. 13-051781-PH, which pertained to related proceedings involving these parties; it should have been entered in LC No. 12-050051-PH.

-1-

PPO, but the trial court upheld it after several hearings on the matter.[2]  On April 8, 2013, petitioner filed a motion to show cause for violating the PPO.  The motion set forth 16 different allegations.  A 17th allegation was added during the proceedings.  The trial court held several hearings on the motion to show cause between May 15, 2013 and November 27, 2013.  On December 4, 2013, the trial court issued an order finding respondent in criminal contempt with respect to 3 of the 17 allegations.  The trial court placed respondent on 6 months' probation and fined him $500.

Respondent first argues that the order of contempt must be reversed because the trial court failed to notify him that the contempt proceedings were criminal in nature.  "We review for an abuse of discretion a trial court's decision to hold a party or individual in contempt."  *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 714; 624 NW2d 443 (2000).  "However, to the extent that our review in this case requires us to examine questions of law" such as issues involving respondent's due process rights, our review is de novo.  *Id.*

The PPO in this case was entered pursuant to MCL 600.2950a.  Pursuant to MCL 600.2950a(23), the failure to comply with a PPO subjects the respondent to the criminal contempt powers of the court and, upon a finding of guilt, permits imprisonment for up to 93 days and a fine of up to $500.  It is clear that the contempt proceedings in this case were criminal, not civil, in nature.  Indeed, the object of the proceedings was to punish respondent for past disobedient conduct, not to enforce compliance with an order.  See *DeGeorge v Warheit*, 276 Mich App 587, 592; 741 NW2d 384 (2007) (explaining the difference between civil and criminal contempt).  Respondent was entitled to be notified of the fact that the proceedings were criminal in nature.  *Id.*; *In re Contempt of Rochlin*, 186 Mich App 639, 649; 465 NW2d 388 (1990).  Likewise, "[a]lthough criminal contempt is really only a 'quasi-crime,' " *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 713 (citation omitted), respondent was entitled to "some, but not all, of the due process safeguards of an ordinary criminal trial[,]" *In re Contempt of Dougherty*, 429 Mich 81, 91; 413 NW2d 392 (1987).  For instance, respondent was entitled to notice of the charges against him, *In re Contempt of Rochlin*, 186 Mich App at 649, the right to counsel, *DeGeorge*, 276 Mich App at 592, the presumption of innocence, *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 713, the protection against compelled self-incrimination, *id.*, the right to prepare and present a defense, *id.* at 713-714, and the right to be convicted only upon evidence establishing, beyond a reasonable doubt, that he violated the PPO, *id.* at 714.

The PPO issued against respondent informed him that a violation would subject him to the civil *and* criminal contempt powers of the court.  See MCL 600.2950a(11)(a)(*i*).  However, the motion and order to show cause did not specify the kind of contempt proceeding to which respondent was being subjected, and the record does not reveal any instance in which the trial court expressly informed respondent that the contempt proceedings were criminal in nature, save for when the trial court issued its findings.  Given that the proceedings were placed on the civil docket, respondent could have reasonably expected, absent some indication to the contrary, that

---

[2] In *Benson v Foster*, Docket No. 315384, respondent appealed the trial court's decision.  This case is being submitted with Docket No. 315384.

the proceedings were civil, rather than criminal. Nonetheless, any error in this regard was harmless. The relevant inquiry is whether the proceedings sufficiently protected respondent's due process rights. See *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 716. We find that they did.

Petitioner filed the motion to show cause on April 8, 2013. The motion was accompanied by an attachment setting forth, in specific detail, 16 different allegations of conduct that purportedly violated the PPO.[3] The motion was properly supported with documentary evidence. See MCR 3.606(A). The trial court granted petitioner's motion on April 10, 2013, and ordered respondent to appear for a hearing. The record demonstrates that respondent was served with the motion and order. He thereafter filed an answer to the motion on May 8, 2013. Evidentiary hearings then took place between May 15, 2013 and November 27, 2013, during which respondent successfully moved for the dismissal of several allegations. For the majority of the proceedings, respondent was represented by counsel.[4] Moreover, throughout the proceedings, respondent was able to cross-examine petitioner and his witnesses, present his own witnesses, testify on his own behalf, offer documentary evidence to rebut petitioner's allegations, and argue that he should not be held in contempt. At the conclusion of the proceedings, the trial court found that petitioner had proven three allegations beyond a reasonable doubt. Given the totality of the circumstances, respondent was provided adequate procedural safeguards, and reversal is not warranted merely because the trial court failed to notify respondent of the criminal nature of the proceedings. Cf. *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 716-717 (reversing a criminal contempt conviction where the contempt proceedings "did not incorporate *any*" of the "many procedures that exist to protect an alleged contemnor and to guarantee that his contemptuous conduct is proved beyond a reasonable doubt").

Respondent next raises a host of arguments that essentially challenge the sufficiency of the evidence, petitioner's credibility, and the trial court's decisions to exclude exhibits proffered by respondent. "We review a trial court's findings in a contempt proceeding for clear error, and such findings must be affirmed if there is competent evidence to support them." *In re Kabanuk*, 295 Mich App at 256. "We may not weigh the evidence or the credibility of the witnesses in determining whether there is competent evidence to support the findings." *Id*. "This Court

---

[3] The only allegation that was not contained in the motion was allegation 17, which occurred after the motion had been filed. It cannot be said that respondent was unaware of this allegation, however, since a police complaint was filed, the police spoke with respondent regarding the incident, and respondent admitted to the police that the conduct at issue was a violation of the PPO.

[4] Respondent was represented by counsel at all but the last evidentiary hearing, at which he indicated that he was appearing in propria persona. The record does not indicate, nor does respondent allege, that he was denied the opportunity to be represented by counsel at this hearing. Rather, the record simply reveals that respondent's counsel withdrew before the hearing, and that respondent chose to proceed by acting as his own counsel at the hearing. Thus, respondent does not allege, nor does our review of the record support, that respondent was ever denied the right to counsel.

reviews a trial court's issuance of an order of contempt for an abuse of discretion." *Id*. A willful violation of a PPO must be proven beyond a reasonable doubt. MCR 3.708(H)(3); *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 714.

The trial court found, beyond a reasonable doubt, that respondent violated the PPO on October 9, 2012, when he backed his pickup truck into petitioner's newly installed fence, damaging it. On appeal, respondent offers no challenge to this finding. We find that there was competent evidence to support the trial court's conclusion in this regard. Respondent admitted hitting the fence. While he claimed that the act was accidental, there was sufficient contradictory evidence to establish that it was intentional. For instance, petitioner testified that he observed respondent walk right by the fence before backing his pickup truck out of the driveway, thus suggesting that respondent was aware of the newly installed fence in time to avoid it. Moreover, petitioner's partner testified that after respondent hit the fence, he observed respondent's friend, who was standing nearby, raise her hands in the air, as if to celebrate. Finally, Michigan State Police Trooper Daniel Diekema, who responded to the incident, testified that the angle of the tire marks of respondent's vehicle was inconsistent with an accident and opined that respondent deliberately backed directly into the fence at an almost 90 degree angle. Accordingly, the trial court did not clearly err in finding that respondent willfully violated the PPO on this occasion, and did not abuse its discretion in holding him in contempt because of this violation. *In re Kabanuk*, 295 Mich App at 256.

We note that the trial court found that respondent violated the PPO in two other respects. However, given our conclusion that there was competent evidence to support a finding that respondent violated the PPO as described above, we need not address these additional findings. See *Brand v Brandt*, 250 Mich App 68, 74 n 1; 645 NW2d 327 (2002). Likewise, we need not address respondent's various claims of error with respect to those other grounds. We note, however, that we have in fact reviewed those various claims and find them each to be without merit. Finally, with respect to respondent's attack on petitioner's credibility, we note that the trial court was in the best position to assess that credibility, and we will not second-guess its findings. *In re Kabanuk*, 295 Mich App at 256.

Affirmed.

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher