*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MT,

        Petitioner-Appellee,

UNPUBLISHED
December 29, 2022

v

DM,

        Respondent-Appellant.

No. 359739
Washtenaw Circuit Court
LC No. 21-002163-PP

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order denying respondent's motion to terminate an ex parte personal protection order (PPO). Because we conclude that the trial court did not abuse its discretion when it denied respondent's motion to terminate the PPO, we affirm.

## I. BACKGROUND

Respondent and petitioner were married in 2012 and had two children together. Respondent filed for divorce in August 2021. Respondent's wife, petitioner, filed an ex parte petition for a domestic-relationship PPO against respondent in December 2021. In support of her petition, she alleged that she was afraid of respondent, who was engaging in escalating threatening behavior. The trial court granted the petition.

Respondent moved to terminate the PPO. The trial court denied respondent's motion to terminate the PPO after an evidentiary hearing. In support of continuing the PPO, petitioner described two recent incidents that petitioner had explained in her PPO petition. In an August 2021 incident, petitioner and respondent were arguing about the divorce, and respondent began yelling and became increasingly aggressive. Petitioner took their children on a car ride because she could not get respondent to calm down. During the car ride, respondent called and texted petitioner nonstop and called the police to report her for kidnapping. Respondent also called petitioner's workplace and alleged that petitioner was out driving after contracting COVID-19 and was not of sound mind. During his testimony, respondent admitted to calling the police but contended that he called because petitioner has had mental breakdowns and had six car accidents

in the past. Respondent testified that he talks loudly because he has hearing loss in his ear and tinnitus.

Petitioner also testified regarding a December 2021 incident where respondent and petitioner began to argue over petitioner's mother and brother being present in their home. During the argument, respondent became increasingly angry and threatened to call petitioner's workplace again to get her fired. The fight culminated in respondent threatening petitioner that she had not "seen [his] dark side yet." According to petitioner, respondent further stated: "[i]t's not a threat; I'm just telling you it's a promise, or you know, things will be very bad for you. You know, I don't know how you're going to make it." Respondent again called the police on petitioner after this exchange. Petitioner stated that this exchange made her feel very threatened.

Respondent denied that his daughter covered her ears and ran out of the room during the December incident. Additionally, respondent testified that it was petitioner who said that he had not seen *her* "dark side," and that he was simply quoting petitioner and not threatening her when he later said the same phrase. Respondent stated that he called the police out of fear for petitioner's mental state.

Petitioner described additional threatening conduct by respondent, including punching through a shoe rack and punching walls and doors. Respondent acknowledged that he broke the shoe rack, but he stated that he did not break it out of anger. Instead, he stated that he kicked it in to flatten it for disposal. Respondent also testified that he never threw items in the house to intimidate petitioner, had never threatened petitioner, and had never threatened the children.

Based on the record findings, the trial court determined that there was reasonable cause to believe that respondent may commit one or more of the acts in MCL 600.2950(1), specifically conduct that gave rise to a reasonable apprehension of violence. The trial court found that respondent's conduct demonstrated a pattern of "coercive control." Further, although recognizing that there was no physical violence, the trial court found that respondent had shown extreme anger. The trial court also found that respondent had broken items in the home and had threatened petitioner through coercive control techniques. For these reasons, the trial court denied the motion to terminate the PPO.

## II. ANALYSIS

Respondent's primary argument on appeal is that the trial court abused its discretion when it committed legal error by finding that respondent's conduct amounted to a violation of MCL 600.2950(1). Respondent argues that the facts as found by the trial court reach beyond the statutory text and that conduct such as "coercive control" was not contemplated by the Legislature when it created the conditions for issuance of a PPO under MCL 600.2950(1).

This Court reviews a trial court's decision regarding the termination of a PPO for an abuse of discretion. *Pickering v Pickering*, 253 Mich App 694, 700; 659 NW2d 649 (2002). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). A trial court's factual findings are reviewed for clear error. *Id*. "The clear-error standard requires us to give deference to the lower court and find clear error only if we are nevertheless left with the definite and firm conviction that a mistake has been made." *Arbor Farms, LLC v GeoStar Corp*,

305 Mich App 374, 386-387; 853 NW2d 421 (2014) (quotation marks and citation omitted). Additionally, this Court reviews de novo questions of statutory interpretation. *Hayford*, 279 Mich App at 325.

MCL 600.2950 governs domestic-relationship PPOs. The trial court is required to issue a PPO if it determines that "there is reasonable cause to believe that the individual to be restrained or enjoined may commit 1 or more of the acts listed in subsection (1)." MCL 600.2950(4). The acts listed in subsection (1) include, in part," "[i]nterfering with petitioner at petitioner's place of employment or education or engaging in conduct that impairs petitioner's employment or educational relationship or environment," and "[a]ny other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence." MCL 600.2950(1)(g) and (*l*). In determining whether reasonable cause exists, the trial court must consider "[t]estimony, documents, or other evidence" and "[w]hether the individual . . . has previously committed or threatened to commit 1 or more of the acts listed in subsection (1)." MCL 600.2950(4)(a) and (b). "The petitioner bears the burden of establishing reasonable cause for issuance of a PPO, and of establishing a justification for the continuance of a PPO at a hearing on the respondent's motion to terminate the PPO." *Hayford*, 279 Mich App at 326 (citations omitted).

Our objective in applying a statute is to give effect to the intent of the Legislature. *TT v KL*, 334 Mich App 413, 438; 965 NW2d 101 (2020) (citation omitted). This Court looks first to the language of the statute itself:

> If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. [*Id*. at 438-439, quoting *Whitman v Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013).]

The thrust of respondent's argument is that the trial court's finding that respondent engaged in coercive control over petitioner and expressed disproportionate anger is not conduct contemplated under the statutory text of MCL 600.2950(1) because the term "coercive control" is not contained in the statute. Although respondent is correct that the phrase "coercive control" is not found in the statute, the relevant inquiry is whether the factual findings were based on conduct it found respondent to have engaged in and that the conduct falls within the statutory prohibitions. What term or phrase was attributed to that conduct is essentially meaningless, particularly when the statute contains a catch-all clause opening the list of prohibited conduct to "[a]ny other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence." MCL 600.2950(1)(*l*). Respondent's interpretation of the statute ignores the fact that the statute allows the trial court to consider "any other action that 'interferes with personal liberty' or might cause 'a reasonable apprehension of violence.'" *Brandt v Brandt*, 250 Mich App 68, 70; 645 NW2d 327 (2002) (citation omitted).

With respect to the factual basis for the trial court's decision, respondent argues that the trial court erred by denying the motion to terminate the PPO on the grounds that the alleged conduct did not give rise to the level of conduct necessary to establish reasonable cause for issuance of the PPO. Giving the required deference to the trial court's findings and credibility determinations, the testimony presented at the evidentiary hearing was sufficient for the court to

find reasonable cause to believe that respondent engaged in conduct that caused petitioner a reasonable apprehension of violence. MCL 600.2950(1)(*l*). The evidence at the hearing describing the August 2021 argument, coupled with evidence regarding the December 2021 incident, showed behavior that escalated from yelling to at least implied threats. Although there was no allegation of physical violence, the trial court further found that "respondent has broken items in the home, has threatened [petitioner] through coercive control techniques, and has shown disproportionate anger."

In light of the trial court's credibility determination in favor of petitioner, and the evidence put forth by petitioner, the trial court did not clearly err in finding that respondent's actions caused petitioner to have a reasonable apprehension of violence. In other words, we do not have a definite and firm conviction that the trial court was mistaken as to its findings. See *Arbor Farms*, 305 Mich App at 386-387. The trial court did not clearly err by finding reasonable cause to believe that respondent might commit one of the prohibited acts under MCL 600.2950(1), and the denial of respondent's motion to terminate the PPO fell within the range of principled outcomes. See *Hayford*, 279 Mich App at 325. Accordingly, the trial court did not abuse its discretion when it denied respondent's motion to terminate the PPO.[1]

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan

---

[1] Although we granted two motions to add to the record on appeal, neither of the transcripts of proceedings that occurred after the issuance of the PPO are relevant to the propriety of the earlier decision to issue the PPO.