*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IN RE REC, III

UNPUBLISHED
May 25, 2023

No. 362011
St. Clair Circuit Court
LC No. 20-000773-PP

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

LETICA, P.J., (*concurring*).

I concur in the analysis rejecting defendant's ineffective assistance of counsel claim. But I write separately to explain why I reject defendant's contention that MCR 3.708(H)(1)[1] is unconstitutional under Const 1963, art 1, § 20.

By way of background, both the United States and Michigan Constitutions afford an accused in a criminal case a jury trial. See US Const, Am VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."); Const 1963, art I, § 20 ("In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in prosecutions for misdemeanors punishable by imprisonment for more than 1 year . . . .") The Sixth Amendment applies to the states through the Fourteenth Amendment and requires defendants accused of serious crimes to be afforded the right to trial by jury. See *Duncan v Louisiana*, 391 US 145, 157-162; 88 S Ct 1444; 20 L Ed 2d 491 (1968). In *Duncan*, the United States Supreme Court "also reaffirmed the long-established view that so-called 'petty offenses' may be tried without a jury." *Baldwin v New York*, 399 US 66, 68; 90 S Ct 1886; 26 L Ed 2d 437 (1970). Thereafter, the United States Supreme Court held "that no offense can be deemed 'petty' for purposes of the right to a jury trial where imprisonment for more than six months is authorized." *Id*. at 69. Later still, this Court recognized that the language of the state Constitution provided broader protection than that afforded by federal Constitution,

---

[1] MCR 3.708(H)(1) provides "[t]here is no right to a jury trial" during a contempt hearing for an alleged violation of a personal protection order (PPO).

namely, a defendant was entitled to jury trial, even though the offense was petty and did not permit incarceration, if the offense was a misdemeanor subject to criminal prosecution. See *People v Antkoviak*, 242 Mich App 424, 480-482; 619 NW2d 18 (2000).

As to an accused's entitlement to a jury trial in a criminal contempt proceeding, however, our Supreme Court ruled in 1966 that it was "not ready—as the United States Supreme Court has not been ready—to declare it is a necessary constitutional prerequisite to a criminal contempt proceeding that a defendant be afforded a jury trial." *Cross Co v United Auto, Aircraft & Agricultural Implement Workers of America, Local 155*, 377 Mich 202, 211; 139 NW2d 694 (1966). But, just two years later, the United States Supreme Court declared "that *serious* contempts are so nearly like other serious crimes that they are subject to the jury trial provisions of the [federal] Constitution," even though, like other petty offenses, *petty* contempt offenses can "be tried without honoring a demand for a jury trial." *Bloom v Illinois*, 391 US 194, 198; 88 S Ct 1477; 20 L Ed 2d 522 (1968) (emphasis added). Thus, a criminal contempt offense punishable by less than six months' imprisonment is a petty offense and the accused is not entitled to a jury trial. *Cheff v Schnackenberg*, 384 US 373, 380-381; 86 S Ct 1523; 16 L Ed 2d 629 (1966) (a defendant sentenced to six months' imprisonment for criminal contempt was not entitled to a jury trial); *Antkoviak*, 242 Mich App at 464 ("Michigan courts . . . apply the federal serious crime versus petty offense analysis when determining the right to a jury trial" in a criminal contempt proceeding); *Ann Arbor v Danish News Co*, 139 Mich App 218, 232-233; 361 NW2d 772 (1984) (there is no right to a jury trial for petty criminal or civil contempts); *People v Goodman*, 17 Mich App 175, 178 n 6, 178-179; 169 NW2d 120 (1969) ("Criminal contempt remains a 'petty' crime in Michigan, and a jury trial is not mandatory.").

To summarize, the Sixth Amendment to the federal Constitution, US Const Ams VI and XIV, guarantees the right to a jury trial for criminal contempt matters if the punishment imposed is greater than six months.[2] *Bloom*, 391 US at 198-199. The Michigan Constitution, Const 1963, art 1, § 20, guarantees the right to a jury trial for both petty and serious violations of criminal statutes, but does not extend the right to a jury trial to petty criminal contempt proceedings. *Antkoviak*, 242 Mich App at 469-472, 481-482.[3] See also *Brandt v Brandt*, 250 Mich App 68, 72; 645 NW2d 327 (2002) ("MCR 3.708(H)(1) specifically explains that a respondent in a contempt proceeding is not entitled to a jury trial.").

Although the maximum sentence for an adult who violates a personal protection order is a 93-day jail term and a $500 fine, MCL 600.2950(23), defendant on appeal points to *Antkoviak* and urges us to declare that the Michigan Constitution affords a person accused of criminal contempt

---

[2] The United States Supreme Court has not established a line between petty and serious fines for contempt, but recognized that it had previously held that a $10,000 fine "imposed on a union was insufficient to trigger the Sixth Amendment right to jury trial." *Int'l Union, United Mine Workers of America v Bagwell*, 512 US 821 837 n 5; 114 S Ct 2552; 129 L Ed 2d 642 (1994), citing *Muniz v Hoffman*, 422 US 454, 477; 95 S Ct 2178; 45 L Ed 2d 319 (1975).

[3] Defendant's reliance on *Hendershot v Hendershot*, 164 W Va 190; 263 SE2d 90 (1980), is not persuasive in light of *Antkoviak* and *Brandt*, which are binding under MCR 7.215(J)(1).

the right to a jury trial.  Defendant, however, fails to recognize that the *Antkoviak* Court held that Const 1963, art 1, § 20 requires a jury trial when an accused is criminally charged with a misdemeanor and explains why this right to a jury trial does not extend to one accused of criminal contempt.  *Antkoviak*, 242 Mich App at 469-472, 481-482.  Given the plain language of our state Constitution, I see no reason to disagree with *Antkoviak* or *Brandt*, nor any reason to reject *Danish News Co* and *Goodman*.[4]


/s/ Anica Letica

---

[4] In light of my agreement with these decisions, there is no basis to initiate and follow the conflict provisions of MCR 7.215(J)(2).