PEOPLE v LOWE

Docket No. 100360. Submitted June 7, 1988, at Detroit. Decided October 17, 1988.

Gregg Lowe pled guilty in Wayne Circuit Court to a charge of armed robbery pursuant to a plea agreement which provided that a charge of possession of a firearm during the commission of a felony would be dismissed and that the recommended sentence would be 7½ to 15 years. If a more lenient sentence was imposed, the prosecutor could withdraw from the agreement. The guilty plea was accepted and defendant was sentenced to 7½ to 15 years imprisonment, William Leo Cahalan, J. Defendant appealed.

The Court of Appeals *held:*

1. The trial court's inquiry of "Anything further?" after stating on the record the terms of the plea agreement, silently reading a letter from defendant, and ascertaining that both defense counsel and defendant wanted the court to adopt the sentence agreement failed to satisfy the requirement that the trial court inquire specifically of the defendant separately whether he wished to address the court before sentence was imposed. Defendant was not properly afforded his right to allocution. The case must be remanded for resentencing.

2. Defendant's contention that the trial court erred in permitting a sentence agreement that would allow the prosecution to withdraw its approval of the agreement if defendant was not given at least a sentence of 7½ to 15 years need not be addressed. There was no error in the court's following the recommendation in sentencing defendant.

3. Defendant's contentions that the sentencing guidelines were not properly scored and that he had ineffective assistance of counsel at sentencing need not be addressed since the case is already remanded for resentencing. The issue of inappropriate

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 531, 532.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced. 96 ALR 2d 1292.

scoring of the sentencing guidelines should be addressed on remand.

Remanded for resentencing.

CRIMINAL LAW — SENTENCING — RIGHT TO ALLOCUTION — COURT RULES.

A court's inquiry of "Anything further?" after stating on the record the terms of a plea agreement, silently reading a letter from the defendant to the court, and ascertaining that both defendant and defense counsel wanted the court to adopt the sentence agreement fails to satisfy the requirement that the court inquire specifically of the defendant separately whether he wishes to address the court before sentence is imposed (MCR 6.101[G][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*James Sterling Lawrence,* for defendant on appeal.

Before: KELLY, P.J., and GRIBBS and C. W. SIMON,* JJ.

KELLY, P.J. Pursuant to a plea agreement, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. The agreement provided that a charge of possession of a firearm during the commission of a felony would be dismissed and that the recommended sentence would be 7½ to 15 years; however, if a more lenient sentence was imposed, the prosecutor could withdraw from the agreement. After ascertaining that defendant understood the consequences of tendering a guilty plea and after a factual basis for the crime was established, the trial court accepted defendant's plea

* Circuit judge, sitting on the Court of Appeals by assignment.

and defendant was convicted of armed robbery. Defendant was subsequently sentenced to 7½ to 15 years imprisonment.

I

Defendant's first issue on appeal is that he was denied his right to allocution at his sentencing hearing. The colloquy that took place at the September 15, 1986, sentencing hearing was, in pertinent part, as follows:

> *The Court:* Mr. Lowe is here now.
>
> Mr. Lowe is charged with the offense of robbery armed. Is there a sentence agreement in this case?
>
> Are you representing Mr. Lowe?
>
> *Mr. Churikian:* Yes, your Honor.
>
> *The Court:* I've read the presentence report and I'm sure you have also and discussed it with your client?
>
> *Mr. Churikian:* That's correct, your Honor. For the record, Samuel Churikian appearing on behalf of Mr. Lowe.
>
> The only correction we would like to make is where it refers to my client's dependency on habituates [sic]; that his only weakness as to substances is alcohol.
>
> Your Honor, my client has a letter for you. Do you want him to read it out loud?
>
> *The Court:* I will read the letter.
>
> (Court reads letter.)
>
> *The Court:* Thank you very much. I appreciate your thoughts.
>
> You do have a sentence agreement, and the guidelines in this case are 72 to 120 months. That's six (6) to ten (10) years. The sentence agreement falls within those guidelines.
>
> It is your request that I adopt that sentence agreement?
>
> *Mr. Churikian:* Yes, your Honor.
>
> *The Court:* Your client concurs in that?

*The Defendant:* Yes.
*The Court:* Anything further?
*Mr. Scallen:* No, your Honor.
*Mr. Churikian:* No, your Honor.

Defendant was then sentenced to 7½ to 15 years imprisonment.

MCR 6.101(G)(2) provides that a defendant, defense counsel, and the prosecutor must be given "a reasonable opportunity to advise the court on the record of any circumstances that they believe the court should consider in imposing sentence . . . ."

Referring to GCR 1963, 785.8(2), now MCR 6.101(G)(2), the Supreme Court in *People v Berry,* 409 Mich 774, 781; 298 NW2d 434 (1980), stated:

> The rule requires strict compliance and should be understood in all cases to require the trial court to inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed. Ordinarily the inquiry should come immediately before the sentence is pronounced and after the trial court has made such remarks as it deems appropriate concerning the offense involved, the presentence report, the defendant's personal history, the needs of the community, and any other subject.

The issue boils down to whether the trial court's inquiry of "Anything further?" satisfies the *Berry* requirement that the trial court "inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed." We think not. The question posed by the trial court can be seen as a general statement made to either the prosecutor, the defense counsel, or defendant. Although an argument could be made that defendant made his thoughts known to the sentencing court through the letter he gave to

the court, the court was obligated, despite the sentence agreement (see *People v Berry, supra*), to specifically inquire, on the record, separately of defendant whether he wished to address the court. Our review of the transcript does not reveal such an inquiry.

In *People v Coles,* 417 Mich 523, 532; 339 NW2d 440 (1983), the Supreme Court stated that "[d]efendants are also guaranteed the right of allocution prior to being sentenced and must be resentenced if this right is violated." Since we have concluded that defendant was not properly afforded his right to allocution, this case is remanded for resentencing.

II

Defendant also raises three other sentencing issues. First, defendant contends the trial court erred in permitting a sentence agreement that would allow the prosecution to withdraw its approval of the agreement if defendant was not given at least a sentence of 7½ to 15 years. Defendant argues that with this agreement the prosecutor could, in effect, withdraw the plea agreement if the sentence was too lenient.

In *People v Schirle,* 105 Mich App 381, 384; 306 NW2d 520 (1981), this Court stated:

> The authority to pronounce sentence is within the exclusive province of the judiciary. Neither the prosecution nor defense, separately or in combination, can bind the trial court to a sentence agreement. MCL 769.1; MSA 28.1072, *People v Hagewood,* 88 Mich App 35, 38; 276 NW2d 585 (1979), *People v Mathis,* 92 Mich App 670, 675; 285 NW2d 414 (1979). Where the prosecution recommends the imposition of a particular sentence, however, if the trial court believes it cannot go along with the

recommendation, defendant must be given an opportunity to withdraw his plea.

Here, the trial court was delivered a plea bargain that would have allowed the prosecution to nix the agreement if defendant had not received a prison term of at least 7½ to 15 years. Relying on *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), defendant argues that this type of sentence agreement circumvents and violates the rules regarding plea agreements and specific sentence recommendations. In *Killebrew,* the Supreme Court reasoned that, despite the fact that the prosecution merely made recommendations for a defendant's sentence, the reality was that defendants routinely relied on the prosecutor's recommendation and the prosecutor's ability to secure the sentence when a plea was offered. The *Killebrew* Court realized that "[t]o most defendants, the distinction between a sentence agreement and a sentence recommendation is little more than a variation in nomenclature." *Id.* at 209. The Court then concluded that a "full understanding of the consequences of a plea" was impossible where the defendant, thinking that he had negotiated for a specific sentence, offers his plea and is bound thereby, but the sentencing court remains free to impose any sentence within the statutory range. *Id.* at 209. Resolving this dilemma in the context of guilty pleas, the Supreme Court, although noting that the Federal Rules of Criminal Procedure offered no such relief, stated: "Our notion of fairness requires the contrary result." *Id.* at 210, n 10.

Similar considerations are not required when the prosecution's understanding of a plea agreement is considered. Prosecutors are well aware that they may simply make recommendations with

regard to sentences and that sentencing judges retain exclusive authority with regard to sentencing.

Clearly, the sentencing court here realized and stated that it was not bound by the sentence recommendation. It nonetheless reached that same result. It certainly had that discretion. Defense counsel stated at oral argument that defendant did not move and does not wish to withdraw his plea. Therefore, with regard to the sentence, standing alone, we find no error in following the recommendation. We do not decide here what the consequences would have been if the trial court had, in the exercise of its sentencing authority, given defendant a more lenient sentence. Defendant's plea had already been accepted. Would the prosecutor then be forced to appeal defendant's conviction and argue that defendant's plea should be set aside? That defendant should face a full trial and posssibly a greater sentence? We leave that question for another panel when properly posited.

III

Defendant next argues that the sentencing guidelines were not properly scored. Since we have already ordered a remand for resentencing, any challenge to the scoring should be raised at the subsequent hearing. Defendant also challenges the effectiveness of defense counsel at sentencing. Defendant contends that counsel should have objected to the scoring and that the failure to object was ineffective assistance of counsel. However, since defendant is getting his desired remedy, remand for resentencing, we do not find it necessary to reach this claim.

Remanded for resentencing.