PEOPLE v SEAN JONES (ON REHEARING)

Docket No. 143692. Submitted February 10, 1993, at Detroit. Decided
June 16, 1993. Submitted on rehearing August 10, 1993. De-
cided on rehearing September 7, 1993, at 10:20 A.M.

Sean Jones was convicted by a jury in the Detroit Recorder's
Court, Isidore B. Torres, J., of assault with intent to commit
murder and of possession of a firearm during the commission of
a felony and was sentenced. The Court of Appeals, JANSEN,
P.J., and CAVANAGH, J. (P. D. SCHAEFER, J., dissenting in part),
in an unpublished opinion per curiam, decided June 16, 1993
(Docket No. 143692), affirmed the convictions but remanded for
resentencing, holding that the trial court violated the defen-
dant's right to allocution and privilege against compelled self-
incrimination by placing him under oath before he was afforded
an opportunity for allocution. On its own motion, the Court of
Appeals granted rehearing.

On rehearing, the Court of Appeals *held:*

1. There was sufficient evidence for conviction of assault with
intent to commit murder. A rational trier of fact reasonably
could conclude as proven beyond a reasonable doubt that the
defendant aided and abetted the commission of that crime.

2. The trial court's decision to place the defendant under
oath before allocution did not adversely affect his right to
allocution or privilege against self-incrimination. MCR 6.425(D)
(2)(c), which governs allocution at sentencing, does not prohibit
a court from placing a defendant under oath before allocution.
The defendant waived the privilege against self-incrimination
by failing to raise it at the sentencing hearing and by making
statements at that hearing.

3. The defendant failed to preserve for appellate review his
claim of sentence disproportionality by failing to identify the
specific information that he claims was considered improperly
by the trial court. In any event, the sentence imposed for the
assault conviction is presumptively proportionate because it
falls within the range of the sentencing guidelines.

4. The defendant failed to preserve for appellate review his

REFERENCES

Am Jur 2d, Criminal Law §§ 531, 532, 703, 937, 938.
See ALR Index under Allocution; Self-Incrimination.

claim of improper scoring under the sentencing guidelines by failing to identify specifically the prior-record or offense variables that he claims were miscalculated. In any event, the trial court's scoring is supported by the record and therefore should not be disturbed.

Affirmed.

JANSEN, P.J., concurring in part and dissenting in part, stated that the trial court erred in placing the defendant under oath before affording him an opportunity for allocution because such an oath is not required by MCR 6.425(D)(2)(c) and because it forced the defendant, who did not testify at trial, to choose between invoking the right to allocution or the privilege against compelled self-incrimination under possible penalty for perjury and that the defendant did not waive the privilege against self-incrimination.

SENTENCES — RIGHT TO ALLOCUTION — PRIVILEGE AGAINST SELF-INCRIMINATION.

A sentencing court may place a defendant under oath before allocution without violating the defendant's right to allocution or privilege against self-incrimination if at the sentencing hearing the defendant does not assert the privilege or otherwise apprise the court that allocution would jeopardize the privilege (US Const, Am V; Const 1963, art 1, § 17; MCR 6.425[D][2][c]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Robert M. Morgan,* for the defendant on appeal.

ON REHEARING

Before: JANSEN, P.J., and CAVANAGH and P. D. SCHAEFER,* JJ.

P. D. SCHAEFER, J. Defendant appeals as of right his jury conviction of assault with intent to com-

* Circuit judge, sitting on the Court of Appeals by assignment.

mit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to nine to twenty years' imprisonment for the assault conviction and to the mandatory two-year term for the felony-firearm conviction. On appeal, defendant argues that there was insufficient evidence to sustain the conviction, that the court violated his right to allocution, and that his sentence violates the proportionality standard established in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). We disagree with all of the allegations of error and affirm defendant's convictions and sentences.

Defendant first argues that there was insufficient evidence to sustain his conviction of assault with intent to commit murder. We disagree. In reviewing a claim that there was insufficient evidence, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could reasonably conclude that all of the elements of the offense have been proven beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515; 489 NW2d 748 (1992); *People v Hampton,* 407 Mich 354, 366; 285 NW2d 284 (1979), cert den 449 US 885 (1980). In order to convict a defendant as an aider and abettor, the prosecution must show that the crime was committed by the defendant or another, that the defendant performed acts or gave encouragement that aided or assisted the commission of the crime, and that the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time the defendant gave the aid or assistance. *People v Buck,* 197 Mich App 404, 410; 496 NW2d 321 (1992); *People v Beard,* 171 Mich App 538, 541; 431 NW2d 232 (1988).

In this case, defendant was present when the shooting took place. Moreover, the testimony indicated that defendant pointed the weapon at the victim, but was unable to fire the gun. The victim testified that when the gun would not fire, he saw defendant reload the weapon and that defendant then made a second attempt to shoot him. The evidence also showed that while defendant pointed the gun at the victim, he asked why the victim continued to call his mother's home. Testimony by the victim and his companion revealed that defendant and his two codefendants chased them a number of blocks before the victim was actually shot. The victim testified that he was shot seven times while all three codefendants watched and that he spent several weeks in the hospital. Viewing this evidence in a light most favorable to the prosecution, we are persuaded that a rational trier of fact could conclude that defendant was guilty of aiding and abetting assault with intent to commit murder.

Defendant next argues that the trial court interfered with his right to remain silent and his right to allocution when the court placed him under oath before affording him an opportunity to allocute. As a threshold matter, we note that defendant did not object to the court's act of placing him under oath at the time of sentencing. Ordinarily, we would conclude that this issue is not properly preserved because defendant failed to object. However, inasmuch as defendant presents the issue as one involving a significant constitutional question, appellate review is appropriate. *People v Passeno,* 195 Mich App 91, 95; 489 NW2d 152 (1992).

Defendant argues that the trial court impermissibly interfered with his Fifth Amendment right to remain silent when it placed him under oath at

sentencing. More specifically, defendant asserts that the court forced him to choose between his right to remain silent and his right to allocution at sentencing. This, defendant argues, constitutes an impermissible interference with his right to allocution. We disagree.

MCR 6.425(D)(2)(c) provides that before imposing sentence, a court must give the defendant, the defendant's attorney, the prosecutor, and the victim a reasonable opportunity to advise the court of any circumstances they believe the court should consider when imposing sentence. Our Supreme Court has stated that strict compliance with the rule is required and that the court must ask the defendant separately whether the defendant wishes to address the court before sentencing. *People v Berry,* 409 Mich 774, 781; 298 NW2d 434 (1980). Where the court fails to strictly comply with the provisions of the rule, resentencing is mandated. *People v Lowe,* 172 Mich App 347, 351; 431 NW2d 257 (1988). Nothing in the rule specifically prohibits the court from placing a defendant under oath at the sentencing proceeding.

Although we do not specifically sanction the court's decision to place defendant under oath before allocution, we cannot say that its decision to do so placed defendant's right to allocution in conflict with his privilege against self-incrimination. US Const, Am V and Const 1963, art 1, § 17 provide that no person shall be *compelled* to be a witness against himself in a criminal trial. The protection has been extended beyond criminal trials to protect a person from compelled, self-incrimination in all settings where freedom of action is curtailed in any significant way. *People v Schollaert,* 194 Mich App 158, 164; 486 NW2d 312 (1992) (quoting *Miranda v Arizona,* 384 US 436, 467; 86 S Ct 1602; 16 L Ed 2d 694 [1966]).

The United States Supreme Court explained the privilege against self-incrimination as follows:

> The Fifth Amendment privilege against compelled self-incrimination is not self-executing. At least where the Government has no substantial reason to believe that the requested disclosures are likely to be incriminating, the privilege may not be relied upon unless it is invoked in a timely fashion.
> In this case, . . . petitioner "did not assert his privilege or in any manner suggest that he withheld his testimony because there was any ground for fear of self-incrimination. His assertion of it here is evidently an afterthought." . . . [T]he privilege "must be deemed waived if not in some manner fairly brought to the attention of the tribunal which must pass upon it." [*Roberts v United States,* 445 US 552, 559-560; 100 S Ct 1358; 63 L Ed 2d 622 (1980) (citations omitted).]

In his concurring opinion in *Jenkins v Anderson,* 447 US 231, 243-244; 100 S Ct 2124; 65 L Ed 2d 86 (1980), Justice Stevens stated that the inquiry was not whether the petitioner was silent, but whether the petitioner was in a position to have the testimony compelled and then asserted the privilege.

In this case, as in *Roberts, supra,* defendant's assertion of the privilege appears to be nothing more than an afterthought. Defendant not only failed to assert the privilege against self-incrimination, but arguably waived the privilege by making limited statements in the context of allocution. At sentencing, the following colloquy took place:

> *The Court:* Do you want to say anything to me, sir, that pertains to my sentencing you?
> *Defendant Jones:* No.
> *The Court:* What do you think I should do?
> *Defendant Jones:* Should give me whatever you think's best.

*The Court:* What do you think?
*Defendant Jones:* Like I didn't do the shooting.

Notwithstanding defendant's argument on appeal regarding his struggle with the right to remain silent in the context of allocution, defendant never asserted the privilege or apprised the court of the fact that he would not allocute because he felt compelled to give incriminating testimony. In fact, it appears from the record that defendant was not only afforded his right to allocution in this case, but also that he exercised that right when he made the comments referred to above.

Our research has not revealed any Michigan authority addressing the merits of this issue. However, at least one federal decision has addressed a similar issue. In *United States v Fleming,* 849 F2d 568, 569 (CA 11, 1988), the Eleventh Circuit Court of Appeals concluded that a defendant who fails to raise the privilege against self-incrimination at the time allocution takes place effectively waives the right to assert the privilege on appeal. *Id.* at 570. In so holding, the court quoted the following excerpt from another federal court decision:

> Marshall is apparently suggesting that the [F]ifth [A]mendment privilege against self-incrimination prohibits a sentencing court from considering the Government's evidence when the defendant presents no evidence—by his own testimony or otherwise—to rebut the Government's presentation. Marshall was not compelled to testify against himself, nor was he punished for not testifying on his own behalf. Marshall, like any defendant who chooses not to testify, took the chance that the uncontradicted Government testimony would be deemed credible. If we were to adopt Marshall's argument, the privilege against self-incrimination would be a way to completely rebut the Government's evidence without the defendant presenting

any evidence of his own. The privilege against self-incrimination has never been so construed. [*Id.* at 569-570, quoting *United States v Marshall,* 719 F2d 887 (CA 7, 1983).]

In view of *Fleming* and *Marshall,* we believe that where a defendant fails to assert the privilege at allocution or to demonstrate some unconstitutional level of coercion that forced him to make statements at allocution, no violation of his rights can be found.

For the reasons stated above, we are not persuaded that the court's decision to place defendant under oath at sentencing had an adverse effect on his right to allocution. Absent some express prohibition of the practice by our Supreme Court or the Legislature, we cannot say that a court may not place a defendant under oath at sentencing. Inasmuch as the tribunals below have a strong interest in preventing perjury, we believe that a prohibition against placing a defendant under oath at sentencing will have the effect of encouraging defendants to deliberately mislead the court in order to avert harsh sentences, thereby demeaning the purposes of allocution. While we do not mean to say that it is mandatory to place a defendant under oath at sentencing (nor do we encourage such practice), we will not prohibit it where the court, in its discretion, chooses to do so. We decline to grant defendant's request for resentencing on this ground.

Defendant's next argument is that his sentence is in violation of the *Milbourn* proportionality standard. We disagree. In the context of this argument, defendant contends that the court considered improper information at sentencing. However, defendant has failed to articulate what improper information was considered. Because defen-

dant has failed to argue the merits of this allegation of error, this issue is not properly presented for review. *People v Kent,* 194 Mich App 206, 210; 486 NW2d 110 (1992).

Defendant also claims that the court erred in scoring the guidelines. Once again, defendant does not specify which of the prior-record or offense variables the court miscalculated. Without specific references to the alleged errors, we will not review the issue. In any case, our review of the guidelines calculations is limited; as long as there is record evidence to support the assessment under a particular variable, we will not disturb the score. *Buck, supra* at 430. We can find no obvious errors in the scoring process, nor does defendant assist us in finding any such errors.

The sentence imposed is within the guidelines and, as such, is presumptively proportionate. *Kent, supra* at 208. Considering the seriousness of the offense and the background of this offender, we are not persuaded that the court abused its discretion in imposing sentence in this case.

Affirmed.

CAVANAGH, J., concurred.

JANSEN, P.J. *(concurring in part and dissenting in part).* I respectfully dissent with regard to the majority's holding that it was "not persuaded that the court's decision to place defendant under oath at sentencing had an adverse effect on his right to allocution." *Ante* at 456. I would hold that the trial court erred in placing defendant under oath before affording him his opportunity to allocute.

The applicable court rule, MCR 6.425(D)(2)(c), does not require that the trial court place a defendant under oath before affording the defendant an opportunity to allocute; rather, the court rule

provides that the sentencing court must "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence."

The majority states that defendant arguably waived the privilege against compelled self-incrimination by making limited statements in the context of allocution. In reviewing the record, it is apparent that the statements were made in response to questioning by the court. The trial court asked defendant if he wanted to say anything pertaining to sentencing. The defendant replied "No." The trial court then proceeded to question defendant further.

The trial court, by placing a defendant under oath, forces the defendant to choose between the privilege against compelled self-incrimination and the right to allocute at sentencing. If sworn, a defendant may choose not to allocute out of fear of prosecution and penalty for perjury. This is particularly true in a case such as this where defendant exercised his right to remain silent at trial. A defendant who has chosen not to testify at trial must, if placed under oath at sentencing, give sworn testimony if the defendant desires to allocute. Such a procedure severely undermines a defendant's right of allocution.

I would hold that it is inappropriate for a trial court to place a defendant under oath before affording the defendant the right to allocution. In all other respects, I concur with the majority's opinion.