*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 22, 2024

Plaintiff-Appellee,

v

No. 364237
Wayne Circuit Court
LC No. 11-012637-01-FC

ANTONIO JACKSON,

Defendant-Appellant.

Before: GADOLA, C.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted of first-degree criminal sexual conduct (CSC-1), MCL 750.520b, following a jury trial. After remand from our Supreme Court, defendant was resentenced for the third time as a second-offense habitual offender, MCL 769.10, to 28 to 50 years' imprisonment, and was awarded 4,033 days of jail credit. We affirm defendant's sentence and remand to the trial court for the limited, ministerial purpose of correcting the presentence investigation report (PSIR) by eliminating any reference to acquitted conduct and clarifying which provisions of the Michigan Sex Offender Registration Act (SORA) apply to defendant.

## I. BACKGROUND

This case emanates from a sexual assault. The underlying facts are as follows:

> This case arises from events that occurred in 1997, though no charges were filed until 2011. According to the victim, an unknown man wielding a firearm entered the apartment where she was staying with her sister and sexually assaulted her as she lay in bed between her two young children. After the man left, the victim and her sister called 911, and the victim was taken to the hospital, where a rape kit was collected. In 2011, DNA analysis was performed on the evidence collected in the rape kit, and [Jackson] was identified from the analysis. The charges were filed in September 2011 [. . . .] [*People v Jackson (Jackson I)*, unpublished per curiam opinion of

-1-

the Court of Appeals, issued March 6, 2014 (Docket No. 311557), p 1.]

In 2012, a jury convicted Jackson of first-degree home invasion, MCL 750.110a(2), and CSC-I. Jackson was acquitted of possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b, and possession of a firearm by a convicted felon ("felon-in-possession"), MCL 750.224f[. . . .] This Court affirmed Jackson's conviction of CSC-I, but vacated Jackson's first-degree home-invasion conviction because the statute of limitations had expired. *Jackson I*, unpub op at 2, 4. This Court remanded the matter for resentencing. *Id*. at 4. Jackson filed an application for leave to appeal this Court's decision to our Supreme Court.

While Jackson's application for leave to appeal was pending, the trial court resentenced Jackson on May 30, 2014. The trial court again sentenced Jackson to 30 to 50 years' imprisonment for the CSC-I conviction. Thereafter, Jackson's application for leave to appeal was denied, *People v Jackson*, 497 Mich 869; 853 NW2d 351 (2014), and Jackson appealed from the May 30, 2014 judgment of sentence. This Court vacated the sentence, holding that, "[b]ecause [Jackson's] appeal to our Supreme Court was still pending when the trial court imposed its sentence in violation of MCR 7.302(C)(5), we are constrained to vacate and remand for resentencing." *People v Jackson* [*(Jackson II)*], unpublished per curiam opinion of the Court of Appeals, issued December 8, 2015 (Docket No. 323165), p 1.

In December 2017, the trial court held the resentencing hearing. During the hearing, the parties disputed whether offense variable ("OV") 1 and OV 2 of the former advisory judicial sentencing guidelines were properly scored[. . . .] The trial court again sentenced Jackson to 30 to 50 years' imprisonment for the CSC-I conviction.

\* \* \*

Jackson filed a delayed application for leave to appeal, which this Court denied. *People v Jackson*, unpublished order of the Court of Appeals, entered October 25, 2018 (Docket No. 344242). Jackson appealed to our Supreme Court, which remanded the matter to this Court "for consideration as on leave granted." *People v Jackson*, 505 Mich 874; 935 NW2d 362 (2019). In doing so, our Supreme Court cited *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019). *Jackson*, 505 Mich at 874. [*People v Jackson (Jackson III)*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2021 (Docket No. 344242), p 1-2.]

In Docket No. 344242, defendant argued the trial court erred during sentencing because it based the scoring of OVs 1 and 2 on acquitted conduct. *Id*. at 3. This Court affirmed defendant's sentence. *Id*. at 6-7. After this Court issued its ruling, defendant applied for leave to appeal with our Supreme Court, challenging this Court's finding the trial court properly scored OVs 1 and 2. In lieu of granting defendant's application, our Supreme Court vacated defendant's sentence and remanded to the trial court for resentencing. *People v Jackson*, 509 Mich 981 (2022). The order

states: "On remand, the trial court shall score OV 1 at 0 points because the jury acquitted the defendant of the charges alleging that he possessed a firearm, and the facts do not establish that he possessed another type of weapon." *Id*.

Before resentencing, in October 2022, defendant filed a sentencing memorandum requesting the trial court impose a minimum sentence of 180 months' imprisonment. Because the underlying crime occurred in February 1997, prior to the enactment of the legislative sentencing guidelines, defendant asserted the judicial sentencing guidelines governed his sentence. Defendant argued the trial court should impose the lowest possible minimum sentence because he exhibited rehabilitative growth as shown by his misconduct-free history during the past decade of his incarceration, his security classification, and his completion of various programs, seminars and classes, and his employment history while incarcerated. Defendant asserted the lower sentence was proportionate because the programming he received in prison made it far less likely he would offend when released. Defendant also argued the requirements of the 1994 SORA should apply to his sentence because they were in effect at the time of his offense. Thus, defendant asserted the only SORA provisions applicable to him were "a 25-year maximum registration period, on a nonpublic database, and no regular, in-person reporting requirements."

During the resentencing hearing, the court heard objections to the PSIR. Defendant's counsel requested that any reference to defendant's acquitted conduct, i.e., that he had a gun, should be stricken from the PSIR. The trial court indicated it would make a notation stating the "jury did not find that there was the use of a weapon." After rescoring the PSIR, defense counsel and the prosecutor agreed the guidelines range should be set at 180 to 360 months' imprisonment or life imprisonment. Defendant did not have any objections to the calculation of the sentencing guidelines.

After acknowledging defendant's rehabilitative efforts, the trial court resentenced defendant to 28 to 50 years' imprisonment (two years less than his previous sentence). The trial court then stated that "all the other previous conditions remain in effect." In response, defendant argued the SORA conditions should not be applicable to defendant. However, the trial court, noting only the issue regarding OV 1 was to be addressed on remand, stated, "[T]hat wasn't an issue that was raised in this sentencing," and it declined to rule on the issue or "depart from any other conditions." Defendant objected to the imposition of the lifetime registration conditions of defendant's sentence, arguing application of the 2021 version of SORA violates the Ex Post Facto Clause of the Michigan and United States Constitutions.

The trial court concluded the hearing without making any further changes, and sentenced defendant to 28 to 40 years' imprisonment with credit for 4,033 days served. The judgment of sentence states: "Defendant re-sentenced pursuant to order from the Michigan Supreme Court. All other previously imposed terms and conditions remain in effect." Notably, the provision subjecting defendant to lifetime monitoring under MCL 750.520n was not checked. Defendant appeals.

## II. INFORMATION IN PSIR

Defendant argues he is entitled to resentencing because the PSIR contains irrelevant information about his acquitted conduct. Alternatively, defendant argues remand is appropriate so information relating to acquitted conduct can be stricken from the PSIR. We agree, in part.

## A. STANDARDS OF REVIEW

"This Court reviews de novo a question of constitutional law." *People v Warner*, 339 Mich App 125, 157; 981 NW2d 733 (2021) (quotation marks and citation omitted). The interpretation of court rules and statutes is a question of law that we review de novo." *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

## B. ANALYSIS

In *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019), our Supreme Court held "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." "Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id*. at 609. Defendant argues the trial court violated *Beck* because the PSIR contained information about defendant possessing a gun during the sexual assault. While the PSIR does contain information about defendant allegedly possessing a gun during his sexual assault, in *People v Stokes*, 333 Mich App 304, 310; 963 NW2d 643 (2020), this Court expressly rejected the argument that a defendant's right to due process is violated when a PSIR merely contains information about previously acquitted conduct. This Court in *Stokes* determined the relevant inquiry is whether the trial court considered the acquitted conduct when fashioning a sentence. *Id*. at 310-312. "[A] sentencing court may review a PSIR containing information on acquitted conduct without violating *Beck* so long as the court does not *rely* on the acquitted conduct when sentencing the defendant." *Id*. at 311.[1]

There is no indication the trial court considered acquitted conduct when fashioning defendant's sentence for his CSC-I conviction. During resentencing, the trial court did not strike the language referencing acquitted conduct. Instead, the trial court made a notation in the PSIR stating, "jury did not find that there was the use of a weapon." Defendant did not object to the trial court's correction, and affirmed the PSIR was factually accurate and required no further changes. When imposing defendant's sentence, the trial court acknowledged defendant's rehabilitative progress, but found a sentence of 28 to 50 years' imprisonment was appropriate considering the impact of the sexual assault on the victim and her children. The trial court made no mention of a gun during resentencing. Because the record does not support defendant's argument the trial court relied on acquitted conduct when sentencing defendant for his CSC-I conviction, he cannot establish his due-process rights were violated and he is not entitled to resentencing. See *Stokes*, 333 Mich App at 312 ("Because no evidence in the record . . . establishes that the sentencing court

---

[1] Although the question whether references to acquitted conduct in the PSIR violates a defendant's due-process rights is before our Supreme Court in *People v Montez*, 979 NW2d 334 (Mich, 2022), because *Montez* is still pending, the holding in *Stokes* is binding precedent under MCR 7.215(J)(1). See *People v Danto*, 294 Mich App 596, 613; 822 NW2d 600 (2011).

relied on acquitted conduct referenced in the PSIRs when sentencing defendant, defendant has failed to establish his claims of error.").

Defendant also argues he is entitled to resentencing because the information regarding defendant's acquitted conduct is irrelevant. At sentencing, either party may challenge the accuracy or relevancy of information contained in the PSIR. MCL 771.14(6); MCR 6.425(D)(1)(b). MCR 6.425(D)(2) states, in relevant part:

> (a) If any information in the presentence report is challenged, the court must allow the parties to be heard regarding the challenge, and make a finding with respect to the challenge or determine that a finding is unnecessary because it will not take the challenged information into account in sentencing. *If the court finds merit in the challenge, determines that it will not take the challenged information into account in sentencing, or otherwise determines that the report should be corrected, it must order the probation officer to correct the report.* If ordered to correct the report, the probation officer must provide defendant's lawyer with an opportunity to review the corrected report before it is sent to the Department of Corrections, certify that the report has been corrected, and ensure that no prior version of the report is used for classification, programming, or parole purposes. [MCR 6.425(D)(2)(a) (emphasis added).]

However, "[t]he failure to strike disregarded information can be harmless error." *People v Waclawski*, 286 Mich App 634, 690; 780 NW2d 321 (2009).

Because the record shows the trial court did not rely on the challenged statements regarding defendant's acquitted conduct during resentencing, any inclusion of the statements in the PSIR is harmless and defendant is not entitled to resentencing. See *People v Harmon*, 248 Mich App 522, 533; 640 NW2d 314 (2001); *Waclawski*, 286 Mich App at 690. However, because the PSIR should reflect the trial court's determination regarding the statements, we remand for the limited ministerial task of striking any reference to a gun from the PSIR and sending a corrected PSIR to the Michigan Department of Corrections (MDOC). *Id*. at 534.

## III. DISPROPORTIONATE AND UNREASONABLE SENTENCE

Defendant claims he is entitled to resentencing because, although his sentence was within the sentencing guidelines, it was disproportionate and unreasonable considering his extensive rehabilitative efforts. We disagree.

## A. STANDARDS OF REVIEW

Because defendant committed his crime in 1997, the standards of review and caselaw applicable to the judicial sentencing guidelines, not the legislative guidelines, apply. See *People v Reynolds*, 240 Mich App 250, 253-254; 611 NW2d 316 (2000) (the legislative guidelines apply only to offenses committed on or after January 1, 1999). We review sentencing decisions for an abuse of discretion. *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990); *People v McCrady*, 213 Mich App 474, 483; 540 NW2d 718 (1995). Criminal sentences must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender."

*Milbourn*, 435 Mich at 636. A sentencing court abuses its discretion if it fails to adhere to the principle of proportionality. *Id.*; *McCrady*, 213 Mich App at 483. A sentence within the guidelines is presumptively valid and proportionate, *People v Jones*, 201 Mich App 449, 457; 506 NW2d 542 (1993); see also *People v Posey*, 512 Mich 317, 359; __ NW3d __ (2023), however, a sentence within the guidelines may constitute an abuse of discretion where unusual circumstances exist, *Milbourn*, 435 Mich at 660-661; *People v Hadley*, 199 Mich App 96, 105; 501 NW2d 219 (1993). We have construed the term "unusual circumstances" to mean "uncommon" or "rare" circumstances. *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992). Absent a showing of unusual circumstances, the presumption of proportionality of a sentence within the guidelines range cannot be overcome. *Id.* at 505-506.

## B. ANALYSIS

At resentencing, the trial court and the parties agreed defendant's guidelines range was 180 to 360 months' imprisonment or life. The trial court resentenced defendant to 28 to 50 years' imprisonment; 28 years is 336 months. Because defendant's minimum sentence falls within the guidelines, it is presumptively proportionate absent uncommon or rare circumstances. See *Jones*, 201 Mich App at 457; see also *Milbourn*, 435 Mich at 660-661; *Sharp*, 192 Mich App at 505. The trial court did not commit any error when stating: "So understanding that I think the guidelines are scored correctly at 180 to 360, I think anything within that range is proportional."

Defendant claims his extensive rehabilitative efforts, including his misconduct-free history during the past decade of his incarceration, his security classification, completion of various classes and programs, and his employment history while incarcerated constitute uncommon or rare circumstances to overcome the presumption of proportionality. However, defendant's rehabilitative efforts are not rare or uncommon circumstances rendering the presumptively proportionate sentence disproportionate. See *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (employment history and lack of criminal history are not unusual circumstances). Further, at resentencing, the trial court acknowledged defendant's rehabilitative efforts, but found defendant's requested minimum sentence of 180 months was not proportionate to him or the circumstances surrounding the offense, stating:

> The Court cannot also ignore the seeming improvements that Mr. Jackson has made and that's a positive thing. That being said, it doesn't undo all the harmful effects that were caused when Mr. Jackson was age 25.

> * * *

> I don't think a sentence of 180 months would be proportional in this case. I understand while he has made improvements, the effects on [the victim] and her son remain and there has to be some recognition of that harm.

Although the trial court was not required to expressly consider mitigating factors at resentencing, *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019), it acknowledged defendant's extensive rehabilitative efforts but still found the circumstances of defendant's crime and the impact on his victims outweighed his efforts. Further, the trial court did not ignore defendant's rehabilitation completely, because it departed from defendant's prior sentences and

-6-

imposed a lower sentence.[2]  Because defendant's within-guidelines sentence is presumptively proportionate, he failed to demonstrate unusual circumstances to rebut this presumption, and the trial court expressly considered his rehabilitative efforts, the trial court did not abuse its discretion by sentencing defendant to 28 to 50 years' imprisonment.

## IV.  LIFETIME ELECTRONIC MONITORING

Defendant asserts we should remand to the trial court to correct the judgment of sentence because he should not be subject to lifetime electronic monitoring or any other condition not in effect at the time he committed his crime.  We agree, in part.

## A.  STANDARDS OF REVIEW

"The proper interpretation and application of a court rule is a question of law that is reviewed de novo." *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012) (citation omitted). "To the extent that this case implicates constitutional issues, they are likewise reviewed de novo." *Id*. (citation omitted).

> We also review de novo issues of statutory interpretation.  Our primary task when interpreting statutes is to give effect to the Legislature's intent, focusing first on the statute's plain language.  If the statutory language is unambiguous, we must conclude that the Legislature intended the meaning clearly expressed and [n]o further judicial construction is required or permitted. [*Id*. (quotation marks and citations omitted).]

## B.  ANALYSIS

At the outset, we note defendant's argument is beyond the scope of our Supreme Court's remand.  "When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992) (citation omitted); see also *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019).  A full resentencing is generally appropriate if resentencing is ordered without any specific instructions or prohibitions.  See *Lampe*, 327 Mich App at 112 (citations omitted).  Our Supreme Court's order states:

> On April 6, 2022, the Court heard oral argument on the application for leave to appeal the February 25, 2021 judgment of the Court of Appeals.  On order of the Court, the application is again considered. MCR 7.305(H)(1).  In lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals

---

[2] On appeal, defendant argues, under *Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), rev'd in part 500 Mich 453 (2017), the trial court should assess whether his case involves circumstances not adequately reflected in the sentencing guidelines.  However, defendant failed to recognize these factors were considered when the trial court sought to impose a sentence *outside* of the sentencing guidelines.  *Id*.  Because defendant's sentence is within the guidelines, and is presumptively proportionate, these factors do not apply.

affirming the 15-point score assigned to Offense Variable (OV) 1 of the judicial sentencing guidelines, we VACATE the sentence of the Wayne Circuit Court, and we REMAND this case to the trial court for resentencing. On remand, the trial court shall score OV 1 at 0 points because the jury acquitted the defendant of the charges alleging that he possessed a firearm, and the facts do not establish that he possessed another type of weapon. See *People v Beck*, 504 Mich 605 (2019). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction. [*Jackson*, 509 Mich 981 (2022).]

Defendant's argument regarding the application of SORA was raised for the first time during resentencing. However, resentencing was not an opportunity for defendant to raise new sentencing issues, which he failed to raise in any of his prior appeals. Every aspect of a sentence is before the trial court de novo only "[w]hen a case is remanded from [this] Court because the entire sentence is invalid . . . [.]" *People v Williams*, 208 Mich App 60, 65; 526 NW2d 614 (1994). Our Supreme Court's remand for resentencing of defendant's CSC-I conviction was not because the entire sentence was invalid, rather, it was because our Supreme Court determined the trial court incorrectly scored OV 1. As a result, defendant improperly raised his SORA argument at resentencing, exceeding the scope of the remand, and the trial court properly declined to consider defendant's argument at resentencing. *Canter*, 197 Mich App at 567-568. Nevertheless, we find it is appropriate to consider defendant's arguments.

Defendant argues he should not be subject to lifetime electronic monitoring because it was not in effect when he committed his crime in 1997. However, we question whether defendant is actually subject to lifetime electronic monitoring. Although the judgments of sentence indicate defendant is required to register on the Michigan Sex Offender Registry, the boxes indicating defendant is subject to lifetime monitoring under MCL 750.520n were not checked. Further, MCL 750.520n states:

> (1) A person convicted under section 520b or 520c for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring as provided under section 85 of the corrections code of 1953, 1953 PA 232, MCL 791.285. [MCL 750.520n(1).]

Defendant was convicted of CSC-I after sexually assaulting the victim, who was 25-years-old at the time of the offense. Defendant is not subject to lifetime electronic monitoring because he was not convicted of sexually assaulting an individual under 13 years of age. Because there is no indication defendant is subject to lifetime electronic monitoring and the statute requiring lifetime electronic monitoring is inapplicable, defendant's argument is moot and this Court need not address it. See *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010) ("It is universally understood . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none. . . .").

Additionally, in his sentencing memorandum, defendant asserted only the 1994 SORA provisions were applicable to him, including "a 25-year maximum registration period, on a

-8-

nonpublic database, and no regular, in-person reporting requirements." However, on appeal, defendant claims: "Lifetime electronic monitoring and other SORA requirements not in effect in 1997 must be struck from Mr. Jackson's sentence." Defendant does not identify what specific requirements must be struck from his sentence, nor does he rely on caselaw, outside of *People v Betts*, 507 Mich 527, 533; 968 NW2d 497 (2021), to support his contention. By failing to offer more, defendant has abandoned this argument. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."). However, because defendant's constitutional rights would be violated if he is subjected to the 2021 SORA requirements, we find it is appropriate to consider defendant's argument.

"The Michigan Legislature enacted SORA in 1994 . . . 'to better assist law enforcement officers and the people of this state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders,' MCL 28.721a." *Betts*, 507 Mich at 533. Under the 1994 SORA there were no reporting requirements, registrants who were not repeat offenders were required to remain on the sex offender registry for 25 years, and the registry was a confidential database accessible only to law enforcement. *Id*. citing MCL 28.725(1), as enacted by 1994 PA 295. In the 2021 version of SORA, MCL 28.721 *et seq*., criminal defendants convicted of CSC-I are subject to more extensive registration requirements, including lifetime registration as a sex offender, periodic reporting to law enforcement, and lifetime electronic monitoring if the victim was under 13 years old and the offender is 17 years old or older. MCL 28.725; MCL 28.725a; MCL 750.520b(2)(d); MCL 750.520n.

In *Betts*, our Supreme Court concluded retroactive application of the 2011 SORA violates the Michigan and United States constitutional ex post facto provisions because it "increases registrants' punishment for their committed offenses. . . ." *Betts*, 507 Mich at 562. The Court held "the 2011 SORA may not be retroactively applied to registrants whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments." *Id*. at 573-574. Similarly, in *People v Lymon*, 342 Mich App 46, 81; 993 NW2d 24 (2022), lv gtd 511 Mich 860 (2023), this Court held "requiring an individual to comply with the 2021 SORA imposes a criminal punishment on a registrant." Reading these cases together, it necessarily follows the 2021 SORA may not be retroactively applied to registrants whose criminal acts subjecting them to registration occurred before its enactment.

Because defendant sexually assaulted the victim in 1997, the 1994 SORA requirements apply and any application of the 2021 provisions would violate defendant's constitutional rights. See *Betts*, 507 Mich at 573-574; *Lymon*, 342 Mich App at 81. However, the judgments of sentence only require defendant to register on the Michigan Sex Offenders Registry; they do not indicate how long defendant must be registered or identify any other applicable SORA requirements. Because it is unclear what SORA requirements were applied to defendant, we remand to the trial court for the limited ministerial purpose of clarifying what SORA provisions do apply to him.

V. CONCLUSION

The record shows the trial court did not rely on statements regarding defendant's acquitted conduct during sentencing, thus any inclusion of statements referencing a gun in the PSIR is

harmless error and does not require resentencing. Additionally, because defendant's within-guidelines sentence is presumptively proportionate, he failed to demonstrate unusual circumstances to rebut this presumption, and the trial court expressly considered his rehabilitative efforts, defendant is not entitled to resentencing. Finally, defendant is not subject to lifetime electronic monitoring and only the 1994 SORA provisions apply to his sentence. Therefore, we affirm defendant's sentence and remand to the trial court for the limited, ministerial purpose of striking any mention of defendant's acquitted conduct from the PSIR and clarifying which SORA provisions apply to defendant.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra